1

CARLSMITH BALL LLP
Carlsmith Building, Capitol Hill
2    P.O. Box 5241
Saipan, MP  96950-5241
3    Tel No. 670.322.3455
Fax No.  670. 322-3368

4

Attorneys for Defendant
5    Maeda Pacific Corporation

F I L E D
Clerk
District Court

AUG – 9 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

6

7

8

9

10                       UNITED STATES DISTRICT COURT

11                                      FOR THE

12                       NORTHERN MARIANA ISLANDS

13   TOSHIHIRO TAKAHASHI,                    CIVIL ACTION NO. CV _____ -

14            Plaintiff,                     CV 0 5    0 0 2 6

15        vs.                                NOTICE OF REMOVAL; EXHIBITS

16   MAEDA PACIFIC CORPORATION,              Trial:  No Trial Date Set

17            Defendant.

18

19

20                              **NOTICE OF REMOVAL**

21            Defendant Maeda Pacific Corporation, through its attorneys, Carlsmith Ball LLP, files

22   this Notice of Removal pursuant to, and in accordance with, 28 U.S.C. §1446.  Defendant has the

23   right to remove this civil action filed in the Superior Court of the Commonwealth of the Northern

24   Mariana Islands, Civil Action No. 05-0287B, to this federal court pursuant to 28 U.S.C. §§1332

25   and 1441.

26            The removing party respectfully shows this Court:

27   1.        Maeda Pacific Corporation is the Defendant in the above-entitled action.

28

4811-5146-3936.1.000901-00030

2.      The above entitled civil action was filed in the Superior Court of the Commonwealth of the Northern Mariana Islands as Civil Action No. 05-0287B ("Civil Action No. 05-0287B") and is now pending.

3.      On July 19, 2005, Defendant Maeda Pacific Corporation was served with a Summons and Complaint in Civil Action No. 05-0287B by personal service upon its office in Saipan, Commonwealth of the Northern Mariana Islands ("CNMI").

4.      Civil Action No. 05-0287B involves the Plaintiff who is a citizen of Japan and Defendant which is a corporation duly incorporated in the Territory of Guam with its principal place of business being the Territory of Guam.

5.      Defendant Maeda Pacific Corporation filed its answer in Civil Action No. 05-0287B on August 8, 2005.  A copy of such Answer is attached hereto marked as Exhibit A.

6.      The Plaintiff in Civil Action No. 05-0287B does not specify the amount being sought for compensatory damages,  however, Plaintiff makes the following allegations regarding the injuries he allegedly sustained:

            (a)      Plaintiff sustained multiple bruises and lacerations on and throughout the entire body;

            (b)      Plaintiff suffered intense and excruciating pain, serious physical injuries, and was caused to be committed to a hospital;

            (c)      Plaintiff becomes sore, lame and disordered and underwent great pain;

            (d)      Plaintiff will in the future suffer and undergo great pain and will be hindered and prevented from transacting and attending to necessary and lawful affairs and usual duties.

            (e)      Plaintiff has suffered diminished quality of life.

1      (f)     Plaintiff has lost and was deprived of and in the future will lose and be

2   deprived of divers gains and profits, including loss of income.

3

4      Plaintiff requests damages as follows:

5

6      (a)     Compensatory damages and medical care and expenses, bodily injury, loss

7   of earnings;

8      (b)     Future damages for pain and suffering, loss or impairment of earning

9   capacity, necessary and reasonable medical expenses.

10      (c)     Damages for pain and suffering, emotional distress, mental anguish and

11   diminished quality of life.

12

13      Further reference to Plaintiff's Complaint (paragraph 10) recites the requirement that

14   Defendant maintain liability insurance in a minimum amount of $100,000.00.  Additionally,

15   paragraph 11 of Plaintiff's Complaint states:

16      (11) Upon information and belief, Defendant purchased the
          Comprehensive General Liability Insurance as required in the
17          Agreement.  To the extent of the policy limit purchased by
          Defendant, Defendant's insurance is liable for the damages caused
18          by Defendant.

19

20      Although a specific damage amount is not stated, a fair reading of the nature of Plaintiff's

21   alleged injuries and claims for damages leads to the conclusion that Plaintiff is seeking damages

22   in excess of $75,000.00 and therefore the amount in controversy jurisdictional requirement of 28

23   U.S.C. §1332(a) is satisfied.

24

25   7.      This Notice of Removal is filed within 30 days after service of the Complaint on

26   Defendant Maeda Pacific Corporation.

27

28

8.      Promptly after filing this Notice of Removal, Defendant will give written notice to the

Plaintiff and file a copy of the Notice of Removal with the Clerk of the Superior Court of the

CNMI.

9.      Defendant files herewith a copy of all process, pleadings and orders serviced on it in

Superior Court Civil Action No. 05-0287B. These pleadings are attached hereto as Exhibit Nos.

B and C.

WHEREFORE, Defendant requests that Civil Action No. 05-0287B in the Superior Court

of the Commonwealth of the Northern Mariana Islands be removed from the CNMI Superior

Court and that this Court determine the proper disposition of this action.


CARLSMITH BALL LLP


DATED:  Saipan, MP, August  _9_  , 2005.

JOHN D. OSBORN
Attorneys for Defendant
Maeda Pacific Corporation

4811-5146-3936.1.000901-00030                          -4.-

1   CARLSMITH BALL LLP
    Carlsmith Building, Capitol Hill
2   P.O. Box 5241
    Saipan, MP 96950-5241
3   Tel No. 670.322.3455

4   Attorneys for Defendant
    Maeda Pacific Corporation
5

6

7

8

9                    IN THE SUPERIOR COURT

10                          OF THE

11    COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

12   TOSHIHIRO TAKAHASHI,              CIVIL ACTION NO. 05-0287B

13          Plaintiff,

14      vs.                           **ANSWER OF DEFENDANT MAEDA
                                      PACIFIC CORPORATION**
15   MAEDA PACIFIC CORPORATION,

16          Defendant.

17

18

19          Comes now the Defendant Maeda Pacific Corporation ("Maeda") and for its answer to

20   the Complaint filed herein by Plaintiff Toshikiro Takahashi ("Takahashi") states and avers as

21   follows:

22   1.      Maeda denies each and every, all and singular, the allegations contained in Plaintiff's

23   Complaint except as same are herein specially admitted.

24   2.      Paragraph 1 of the Complaint is denied.

25

26   3.      Upon information and belief, paragraph 2 of the Complaint is admitted.

27

28

EXHIBIT
A
tabbies®

4.      In answer to paragraph 3 of the Complaint it is denied that Defendant is a corporation duly organized under the laws of the CNMI.  The remaining allegations of paragraph 3 are admitted.

5.      In answer to paragraph 4 of the Complaint, Defendant re-states and incorporates herein its answers to Paragraphs 1-3 of Plaintiff's Complaint hereinabove stated.

6.      Paragraph 5 of the Complaint is admitted.

7.      Paragraph 6 of the Complaint is admitted.

8.      In answer to paragraph 7of the Complaint, Defendant admits the scope of work was conducted by Defendant as an independent contractor.  The remaining allegations of paragraph 7 state a legal conclusion to which no response is required.  To the extent such remaining allegations of paragraph 7 attempt to state a claim against Defendant, same are denied.

9.      Paragraph 8 of the Complaint is admitted.

10.     Paragraph 9 of the Complaint is admitted.

11.     In answer to paragraph 10 of the Complaint it is admitted the Agreement requires Defendant to maintain liability insurance in the minimum amounts stated.

12.     In answer to paragraph 11 of the Complaint it is admitted that Defendant maintains liability insurance in at least the minimum amounts required by the Agreement.  Defendant is without sufficient information to form a belief as to the remaining allegations of paragraph 11 and therefore denies same.

13.     Paragraph 12 of the Complaint is admitted.

14.     Paragraph 13 of the Complaint is denied.

15.     Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraphs 14, 15 and 16 of the Complaint and therefore denies same.

16.    In answer to paragraph 17 of the Complaint, Defendant re-alleges and incorporates herein its answers to Paragraphs 1-16 hereinabove stated.

17.    Paragraph 18 is admitted.

18.    Paragraph 19 of the Complaint states a legal conclusion to which no answer is required and further such paragraph contains no factual allegations which require a response.   To the extent that said paragraph 19 attempts to allege a claim against Defendant, same is denied.

19.    Paragraph 20 of the Complaint is denied.

20.    In answer to paragraph 21 of the Complaint, Defendant denies that it or any of its agents and employees acted in a reckless, careless and/or negligent manner thereby causing Plaintiff's alleged injuries.  As to the remaining allegations of paragraph 21, Defendant is without sufficient information to form a belief as to the truth of such allegations and therefore denies same.

21.    In answer to paragraph 22 of the Complaint, Defendant re-alleges and incorporates herein its answers to paragraphs 1-21 hereinabove set forth.

22.    Paragraph 23 of the Complaint states a legal conclusion to which no answer is required and further such paragraph contains no factual allegations which require a response.   To the extent that said paragraph 23 attempts to allege a claim against Defendant, same is denied.

23.    Paragraph 24 of the Complaint is denied.

24.    In answer to paragraph 25 of the Complaint, Defendant denies it acted in a reckless, careless and/or negligent manner thereby causing Plaintiff's alleged failure to see the alleged hazardous item.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations of paragraph 25 and therefore denies same.

25.    In answer to paragraph 26 of the Complaint, Defendant re-alleges and incorporates herein its answers to paragraphs 1-25 hereinabove stated.

26.    Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraphs 27, 28 and 29 of the Complaint and therefore denies same.

### FURTHER ANSWER OF DEFENDANT MAEDA PACIFIC CORPORATION

Comes now the Defendant Maeda Pacific Corporation and for its further answer to the Complaint filed herein states and avers as follows:

1.    Defendant denies it was in any manner negligent or responsible for the accident and/or injuries alleged by Plaintiff in his Complaint.

2.    Upon information and belief the proximate cause of the alleged accident and injuries recited in Plaintiff's Complaint were the actions of Plaintiff, himself, and therefore Plaintiff's claim is barred and/or diminished by the affirmative defense of contributory negligence and/or comparative fault.

3.    Upon information and belief the alleged accident and injuries recited in Plaintiff's Complaint may have been the result of the negligence of others.

4.    Defendant reserves the right to amend its answers filed herein to allege such other and further defenses as may be revealed through discovery.

WHEREFORE Defendant, Maeda Pacific Corporation, prays that Plaintiff take naught by his Complaint filed herein.  That the costs of this action be assessed to Plaintiff and for such other and further relief as the Court deems just and equitable in the premises.

CARLSMITH BALL LLP

DATED: Saipan, MP, August ___, 2005.

JOHN D. OSBORN #F0172
Attorneys for Defendant
Maeda Pacific Corporation

4824-8977-4592.1.000901-00030                -4.-

1 │ **TORRES BROTHERS, LLC.**
   │ VICTORINO DLG. TORRES, ESQ.
2 │ Attorneys at Law
   │ P.O. Box 501856
3 │ Saipan, MP 96950
   │ Bank of Guam Bld. 3ʳᵈ Flr.
4 │ Tel.: (670) 233-5506
   │ Fax: (670) 233-5510
5 │ *Attorneys for Plaintiff*

6

7                      **IN THE SUPERIOR COURT**
                              **OF THE**
8          **COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

9   **TOSHIHIRO TAKAHASHI,**              )    CIVIL ACTION NO. 05- *02-877*

10           **Plaintiff,**               )

11           **vs.**                      )

12   **MAEDA PACIFIC CORPORATION,**       )    **COMPLAINT AND REQUEST**

13           **Defendant.**               )    **FOR JURY TRIAL**

14

15                      **JURISDICTION**

16  1.    This Court has jurisdiction over this civil action pursuant to 1 CMC § 3202.

17

18                       **PARTIES**

19  2.    Plaintiff, Takahashi, Toshihiro (hereafter referred to as "Mr. Takahashi" or "Plaintiff") is

20        an individual and a resident of Japan.

21  3.    Defendant, Maeda Pacific Corporation, (hereafter referred to as "Defendant") is a

22        corporation duly organized under the laws of the CNMI and was conducting business in

23        the CNMI at all times pertinent to this complaint.

24                                                       **EXHIBIT**
                                                            **B**
25                       **FACTS**

26  4.    Paragraphs one (1) through three (3) of the complaint are incorporated as if fully set out

27        here.

28  5.    Upon information and belief, Defendant executed an agreement and contract with the

1  Commonwealth of the Northern Mariana Islands, Government (hereafter referred to as
2  "Agreement") for construction of the Garapan Tourist District Revitalization Hotel Street
3  (Coral Tree Avenue).

4  6.    Upon information and belief, part of the Agreement requires Defendant to furnish all
5  materials, labor, equipment, tools and services necessary to perform in a workmanlike
6  manner all work required for the completion of the Project, as described in the Scope of
7  Work and in strict compliance with the Contract Documents, for the firm fixed price of
8  One Million Eight Hundred Forty Two Thousand and No cents ($1,842,000.00).

9  7.    Upon information and belief, Part of the Agreement states that the Defendant conducts
10  the Scope of Work as an Independent Contractor.  Accordingly, Defendant in performing
11  its duties under the Agreement, acted and performed on its own behalf and remained
12  liable for any injuries caused by the negligence of Defendant, its agents and employees.

13  8.    Upon information and belief, part of the Agreement states that the Defendant will hold
14  harmless the Commonwealth from any and all claims, demands, suits, and causes of
15  action whatsoever involving third parties arising out of or connected with the negligent
16  performance of the Contract.

17  9.    Upon information and belief, part of the Agreement states that the Defendant shall take
18  all precautions necessary to protect persons and property including, but not limited to,
19  providing, erecting, and maintaining all necessary barricades, suitable and sufficient red
20  lights, danger signals, and signs.

21  10.    Upon information and belief, part of the Agreement requires Defendant to purchase a
22  Comprehensive General Liability Insurance which shall have the following minimum
23  amounts: personal injury, $100,000.00 each person, and $300,000.00 each occurrence;
24  Property damage, $50,000.00 each occurrence, and $100,000.00 aggregate.

25  11.    Upon information and belief, Defendant purchased the Comprehensive General Liability
26  Insurance as required in the Agreement.  To the extent of the policy limit purchased by
27  Defendant, Defendant's insurance is liable for the damages caused by Defendant.

28  12.    During the time of construction, sometime in March, 2005 Defendant, its agents or

2 of 5

1     employees was constructing, at least in part, the sidewalk in front of Remington's Club,

2     the southern part of Coral Tree Avenue.

3   13.   On or about March 17, 2005, Defendant placed two metal pipes in one of the sidewalks,

4     particularly in front of Remington's Club, the southern part of Coral Tree Avenue.

5   14.   The metal pipe stuck out of the sidewalk, with low visibility to pedestrian creating a

6     hazardous and dangerous condition to pedestrians.

7   15.   The metal pipes did not have any warning lights, warning signs or barricade to provide

8     adequate and sufficient warning about the dangerous condition the metal pipe created.

9   16.   On or about March 17, 2005, Plaintiff was using the sidewalk and suddenly rammed into

10     the metal pipe.

11

12              **CAUSES OF ACTION: NEGLIGENCE, RECKLESSNESS**

13               **(Creating Hazardous Condition on Sidewalk)**

14   17.   Paragraphs one (1) through sixteen (16) of the complaint are incorporated as if fully set

15     out here.

16   18.   At all the times mentioned, Defendant was engaging in construction, including the

17     construction of the sidewalks in front of Remington Club in Garapan, Saipan.

18   19.   Defendant had a duty to reasonably and prudently avoid placing hazardous and dangerous

19     items in the sidewalks.

20   20.   Defendant breached its duty when Defendant, its agents and employees placed the metal

21     pipe in the sidewalk, where people are expected to routinely use as walkway.

22   21.   As a direct and proximate result of the recklessness, carelessness, and negligence of

23     Defendant, its agents and employees, Plaintiff rammed into the metal pipe and upon

24     impact, Defendant suffered immediate and excruciating pain and Defendant violently fell

25     to the ground causing serious personal injuries resulting in hospitalization, severe pain

26     and suffering and mental and emotional distress.

27

28              **(No Warning Of Hazardous Condition On Sidewalk)**

22. Paragraphs one (1) through twenty one (21) of the complaint are incorporated as if fully set out here.

23. Defendant has a duty to take all precautions necessary to protect persons and property including, but not limited to, providing, erecting, and maintaining all necessary barricades, suitable and sufficient red lights, danger signals, and signs warn pedestrians of the hazardous condition, specifically the metal pipe placed on the walkway.

24. Defendant breached its duty when Defendant, its agents and employees failure to place any warning signs whatsoever causing the metal pipe to be dangerous to pedestrians, specifically Plaintiff.

25. As a direct and proximate result of Defendant's recklessness, carelessness, and negligence Plaintiff was unable to see the hazardous item (metal pipe) and violently collided with the metal pipe and upon impact, Defendant suffered immediate and excruciating pain and Defendant violently fell to the ground causing serious personal injuries resulting in hospitalization, severe pain and suffering and mental and emotional distress.

## GENERAL INJURIES AND DAMAGES

26. Paragraphs one (1) through twenty five (25) is incorporated herein as if fully set out here.

27. As a result of Defendant's negligence, Plaintiff sustained multiple bruises and lacerations on and throughout the entire body. Plaintiff has suffered intense and excruciating pain, serious physical injuries, and has been caused to be committed to a hospital and to the attention, care and treatment of skilled physicians and nurses.

28. In addition to these injuries, Plaintiff became sore, lame, and disordered, and during all of which time Plaintiff suffered and underwent great pain, and in the future will suffer and undergo great pain, and was hindered and prevented and, in the future will be hindered and prevented from transacting and attending to necessary and lawful affairs and usual duties, and has suffered diminished quality of life.

29. Plaintiff has also lost and was deprived of and in the future will lose and be deprived of,

4 of 5

1  divers gains and profits, including lost of income, and advantages which Plaintiff might
2  and otherwise would have derived and acquired.

3
4  ### PRAYER FOR RELIEF
5  WHEREFORE, Plaintiff requests judgment as follows:
6  1.  Against Maeda Pacific Corporation for compensatory damages and for medical care and
7      expenses, bodily injury, and loss of earnings, in the amount to be proven at trial;
8  2.  Against Maeda Pacific Corporation for *future damages* such as pain and suffering, loss or
9      impairment of earning capacity, and necessary and reasonable medical expenses, in the
10     amount to be proven at trial;
11 3.  Against Maeda Pacific Corporation for pain and suffering, emotional distress, mental
12     anguish and diminished quality of life, in the amount to be proven at trial;
13 4.  Against Maeda Pacific Corporation for costs and reasonable attorney's fees; and,
14 5.  For such other and further relief to which Plaintiff is entitled to receive at law and/or in
15     equity even though not demanded for in any of his pleadings.
16
17 ### DEMAND FOR JURY TRIAL
18 Plaintiff requests a jury trial of his peers on all issues so triable.
19
20 DATED: 07 / 07 / 2005            .
21                                         TORRES BROTHERS, LLC.
22
23                                         VICTORINO DLG TORRES
                                          # F0253 Attorneys for Plaintiff, Mr.
24                                         Takahashi
25
26
27
28

5 of 5

1  **TORRES BROTHERS, LLC.**
   VICTORINO DLG. TORRES, ESQ.
2  Attorneys at Law *F0253*
   P.O. Box 501856
3  Saipan, MP 96950
   Bank of Guam Bld. 3rd Flr.
4  Tel.: (670) 233-5506
   Fax: (670) 233-5510
5  *Attorneys for Plaintiff*

6

7                        **IN THE SUPERIOR COURT**
                              **OF THE**
8            **COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

9  **TOSHIHIRO TAKAHASHI,**          )    CIVIL ACTION NO. 05- *02870*
                                     )
10          Plaintiff,               )
                                     )
11          vs.                      )
                                     )    **SUMMONS**
12 **MAEDA PACIFIC CORPORATION,**    )
                                     )
13          Defendant.               )
                                     )
14                                   )

15

16 TO:   **MAEDA PACIFIC CORPORATION**

17        YOU ARE HEREBY COMMANDED and notified to file any answer you wish to make
18 to the Complaint being filed against you, a copy of which is given to you herewith, within twenty
19 (20) days after service of this Summons upon you, and deliver or mail a copy of your answer to
20 the TORRES BROTHERS, LLC., Attorney at Law, whose address is stated above, as soon as
21 practicable after filing your answer or sending it to the Clerk of Court for filing.

22        Your answer should be in writing and filed with the Clerk of Court at the Superior Court
23 for the Commonwealth of the Northern Mariana Islands, in the House of Justice -- Guma Hustisia
24 -- Imwal Aweewe.  It may be prepared and signed for you by your counsel and sent to the Clerk
25 of Court by messenger or mail.  It is not necessary for you to appear personally until further
26 notice.

27        If you fail to file an answer in accordance with the Summons, judgment by default may be
28 taken against you for the relief demanded in the Complaint.

**EXHIBIT**
**C**

1

2    BY ORDER OF THIS COURT.

3

4    Dated this _19_ day of July, 2005.

5

6                                              _____
                                               Clerk of Court
7                                              Superior Court of the Commonwealth of the
8                                              Northern Mariana Islands

9



10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28