F I L E D
Clerk
District Court

DEC -1 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

TORRES BROTHERS & FLORES, LLC.
VICTORINO DLG. TORRES, ESQ.
Attorneys at Law
P.O. Box 501856
Saipan, MP 96950
Bank of Guam Bld. 3rd Flr.
Tel.: (670) 233-5506
Fax: (670) 233-5510
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| TOSHIHIRO TAKAHASHI,   )<br>)<br>Plaintiff,   )<br>)<br>vs.   )<br>)<br>MAEDA PACIFIC CORPORATION,   )<br>)<br>Defendant.   ) | CIVIL ACTION NO. CV 05-0026<br><br>PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT MAEDA PACIFIC CORPORATION |

TO:  John D. Osborn, Attorney for Defendant Maeda Pacific Corporation,

     Please take notice that pursuant to Federal Rules of Civil Procedure 33, Plaintiff Toshihiro Takahashi, through his attorney, Victorino DLG. Torres requests that Defendant produce for inspection, examination, and copying all of the documents or items listed herein which are in its possession, custody, or control, at the Torres Brothers & Flores, LLC. Attorneys At Law, Bank of Guam Building 3rd floor, Garapan, Saipan, or other agreed method, within 30 days after service of this request.

ORIGINAL

## I. INSTRUCTIONS AND DEFINITIONS

1. These DISCOVERY REQUESTS are to be deemed continuing and YOU and YOUR attorney are under a duty to supplement your responses if YOU or any of YOUR employees, agents, or attorneys obtain additional information as to any of the matters inquired of herein.

2. If YOU, as well as YOUR officers, agents, employees, and attorneys discover additional information as to matters inquired of in this request for interrogatories, between the time answers are made and the date of trial, supplemental answers shall be made informing the offices of TORRES BROTHERS, LLC., ATTORNEYS AT LAW at the address and telephone number listed on page 1 of these DISCOVERY REQUESTS as to the newly discovered information.

3. If in responding to these DISCOVERY REQUESTS YOU encounter any ambiguity in constructing any request, instruction or definition, set forth the matter deemed ambiguous and the construction used in responding. If for any reason additional space is necessary in answering any Request, complete the answers on an additional sheet bearing the same number as the number of the Request which is being answered.

4. In responding to this or these discovery request(s), YOU must make a diligent search of YOUR records and other DOCUMENTS in YOUR possession or available to YOU, including information which is in the possession of YOUR attorneys, investigators for YOUR office, employees, representatives and agents, and not merely such information known to YOU or YOUR own personal knowledge.

5. If a request for production has sub-parts, respond to each separately and in full so that YOUR response is understandable. Do not limit YOUR response to the request as a whole.

6. Each written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If the objection is made to a part of an item or category, the part shall be specified.

7. If any of the requests cannot be answered in full, please answer to the extent possible, specifying the reasons for YOUR inability to answer the remainder and stating whatever information or knowledge YOU have concerning the in answered potion.

8. Throughout these requests, including the definition of terms, words used in the singular include the plural. Whenever the word "or" appears herein, the meaning intended is the logical inclusive "or", i.e. "and/or". Whenever the word "each" appears herein, the meaning intended is "each and every".

9. State whether the information furnished is within the personal knowledge of the person answering and, if not, the identity, if known, of each person of whom the information is a matter of personal knowledge.

10. Where knowledge of information is requested, such request includes the knowledge of information of Plaintiff, as well as her officers, agents, employees and attorneys. If more than one person is listed in answer to an interrogatory, each subsequent answer must identify which person supplied that answer and all persons so listed must sign the answers under oath.

11. If any of the DISCOVERY REQUESTS cannot be answered in full, please answer to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

12. "YOU" and "YOUR" include the person(s) to whom these requests are addressed, and all of such person's predecessors, successors, assigns, agents, employees, attorneys, and insurance companies, and each of them, and all other persons acting or purporting to act on behalf of Plaintiff.

13. "PERSON" includes any natural person, firm, association, organization, partnership, business, trust, corporation, or public entity. "INCIDENT" means the event in which the Complaint alleges that Plaintiff hit a PCB pipe on the sidewalk and as a result suffered injuries. "PCP" means the pipe that was stuck out on the sidewalk which is alleged to have caused Plaintiff's injuries. "SUBJECT LAWSUIT" means this lawsuit known and numbered as appears on the cover of this document.

14. Each of these definitions and instructions is hereby incorporated into each of the Requests for Admission to which it pertains.

15. When YOU are asked to state the facts RELATING TO an allegation in any pleading, please DESCRIBE IN DETAIL, as defined herein, the relevant facts including but not limited to the date, time and specific location of each occurrence, and IDENTIFY, as defined herein, each and ever y person(s) and/or entity who is a witness and any related documents.

16. If any of the requests for production cannot be answered in full, please answer to the extent possible, specifying the reasons for YOUR inability to answer the remainder and stating whatever information or knowledge YOU have concerning the unanswered portion.

17. For each of these DISCOVERY REQUESTS that is withheld under a claim of privilege or work-product immunity, provide a statement under oath by a person having knowledge setting forth as to each document to portion withheld:

(a).   The number and subject of each paragraph of this request that seeks its production;

(b) The name and title of the author(s);\

(c) The name and title of each person to whom the document was addressed;

(d) The name and title of each person to whom a copy of the document was sent;

(e) The date of the document;

(f) The number of pages;

(g) A brief description of the nature and subject matter of the document;

(h) The identity of each person to whom the document, its content, or any portion thereof is known or has been disclosed;

(i) The exact location of the original and each copy as of the date of receipt of this request; and

(j) If the document is withheld on any ground other than privilege, each basis that you contend justifies its withholding.

18. "IDENTIFY," "IDENTITY" or "IDENTIFICATION" as used in reference to a natural person means that YOU are required to state the following information:

(a) the name of the person;

(b) their title both currently and if different, at the time of the incident, event, or generation of a document;

(c) the street address, country, state and country of the person's current residence;

(d) the current "home" or residential telephone number of the person;

(e) the current of the last known employer, job title, business address and business telephone number of the person; and

(f) with respect to the persons who were formerly employed by YOU, the last date of such employment and the person's job title and business address on that date.

19. "IDENTIFY," "IDENTITY" or "IDENTIFICATION" as used in reference to any entity other than a natural person means that YOU are required to state the following information:

(a) The entity's full name; and

(b) The address of the entity's principal place of business, and each of its other places of business or business facilities.

20. When YOU are asked to IDENTIFY a DOCUMENT, provide all the following information known to you:

(a) Date it was prepared;

(b) Identities of its preparer;

(c) Identities of its recipients;

(d) Current location and custodian; and

(e) Description of contents, sufficient for a motion to produce.

21. "IDENTIFY," "IDENTITY" or "IDENTIFICATION" as used in reference to a COMMUNICATION, means that YOU are required to state: the names of the persons participating in the COMMUNICATION or present when the COMMUNICATION took place, the exact, detailed, content of the COMMUNICATION, the building or other specific place in which the PERSONS participating in the COMMUNICATION were located at the time of the COMMUNICATION, the mode or method by which the COMMUNICATION occurred (e.g.

telephone, in person, via e-mail, etc.), and the date on which the COMMUNICATION occurred.

22. The term "DOCUMENT" means, without limitation, the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand, agreements, communications, state and federal governmental hearings and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations or interviews, diaries, e-mail or related or related computer generated message, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries, or reports of consultants, photographs, motion picture, film, brochure, pamphlets, advertisements, circular, press releases, drafts, letters, any marginal comments appearing on any documents and all other writings.

23. "PERSON" includes any natural person, firm, association, organization, partnership, business, trust, corporation or public entity.

24. "WRITING" means handwriting, typewriting, word processing, printing, photostating, photographing and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds or symbols or combination thereof.

25. "RELATING", "RELATIVE TO" or "RELATED TO" includes referring to, alluding to, responding to, concerning, connected with, commenting on, in respect to, about, regarding, discussing, showing, describing, reflecting, analyzing, depicting or constituting.

26. "RELEVANT" is defined under the Rules of Evidence and that definition is incorporated herein. Please note that information can be relevant without necessarily being admissible.

27. "COMMUNICATION" means the transmission, interchange, or exchange of thoughts, ideas, messages or information, by speech, signals, writing, code, satellite, computer, letter (or other form of correspondence), memoranda, telecopy, telex, e-mail, telephone, telegram, voice mail, face-to-face communication, or any other mode or method of transmission regardless of format. Under this definition, "COMMUNICATION" may have

been contained, obtained or transmitted in any format, including but not limited to any document as defined herein or any subpart or portion thereof.

28. When asked to "DESCRIBE IN DETAIL" an event or occurrence or particular subject, YOU are asked to do more than merely state a conclusion. YOU are being asked, among other things, to state the particular facts that YOU intend to submit through witnesses or DOCUMENTS at trial on the subject matter contained in the question. Among other things, YOU are being asked to IDENTIFY all COMMUNICATIONS REGARDING the event, occurrence or subject and state what action YOU took RELATED TO the event, occurrence or subject, the date(s) YOU took such action, and the reason YOU took such action. YOU are asked to state all of the facts that support YOUR conclusions, answering who was involved, what happened with respect to the subject, why YOU believe it happened, where it happened, and how it happened.

29. When asked to state "ALL FACTS" pertaining to a particular subject YOU are asked to do much more than merely state conclusions. YOU are asked to DESCRIBE IN DETAIL as defined herein who are involved or present when the facts occurred, what they or YOU did, why YOU or they acted as YOU or they did, how this situation came about and where YOU or the third PERSON were when the facts occurred. YOU are asked to state specifically all the facts that support YOUR claims or beliefs, not conclusions. If YOU claim that something occurred, please state why YOU believed it occurred, why YOU acted as YOU did, what happened to make YOU act the way YOU did, and IDENTIFY the PERSON who caused YOU to act the way YOU did.

## II. INTERROGATORY

Interrogatory # 1.   Have any persons made statements, written or otherwise, while being interviewed by anyone on behalf of Defendant, including Defendant's attorneys, in connection with the subject lawsuit?

| | | |
|---|---|---|
| Interrogatory # 2. | | If the answer to the preceding interrogatory is in the affirmative, |
| | (1) | state the name and address of the maker of each statement and whether such statement is in writing; |
| | (2) | if the statement is not in writing, please provide a summary of each statement made by the maker; |
| | (3) | state the date of the maker of each statement wether or not the statement was in writing; |
| | (4) | state who the maker made statements to and who were present at the time the make made statements; |
| | (5) | and state the location on where the maker made statements. |
| Interrogatory # 3. | | Please provide a list of YOUR agents or employees who worked at the site of INCIDENT, at or near the PCB? |
| Interrogatory # 4. | | Please state the name, address and telephone number of all persons who have knowledge of RELEVANT facts concerning this action. |
| Interrogatory # 5. | | Did YOU provide any warning sign or barricade on the PCB to prevent pedestrians or any person from hitting the PCB? |
| Interrogatory # 6. | | Please STATE IN DETAIL everything YOU did to prevent the INCIDENT. |
| Interrogatory # 7. | | Please STATE IN DETAIL, what (if anything) could YOU have done to prevent the INCIDENT? |
| Interrogatory # 8. | | Please STATE IN DETAIL everything YOU did to protect pedestrians or any person from hitting the PCB? |

Interrogatory # 9.    Please IDENTIFY by name, address and telephone number each person whom YOU expect to call as an expert witness at trial.

Interrogatory # 10.    Please IDENTIFY each and every individual YOU intend to call as a witness at the time of trial and summarize what YOU expect the substance of his or her testimony will be.

Interrogatory # 11.    Please IDENTIFY the name, address and telephone number of each person with RELEVANT knowledge of the facts which made the basis of YOUR answer.

Interrogatory # 12.    Please identify all statements and DOCUMENTS, written or recorded documents, notes (including but not limited to photographs, films, sketches, drawings, reports, diagram, model, recording, witness or expert statements, private investigator reports, computer generated program or re-enactment, audio-visual, slide show or video types) anyone, including employees, employers, has made or presented to YOU concerning Plaintiffs' allegations in the Complaint.

DATED: 12 / 01 / 2005.

TORRES BROTHERS & FLORES, LLC.

_____
VICTORINO DLG. TORRES