F I L E D
Clerk
District Court

MAY 1 0 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1  CARLSMITH BALL LLP
   Carlsmith Building, Capitol Hill
2  P.O. Box 5241
   Saipan, MP 96950-5241
3  Tel No. 670.322.3455

4  Attorneys for Defendant
   Maeda Pacific Corporation

5

6

7                    UNITED STATES DISTRICT COURT

8                              FOR THE

9                    NORTHERN MARIANA ISLANDS

10 TOSHIHIRO TAKAHASHI,                CIVIL ACTION NO. CV 05-0026

11          Plaintiff,                 MOTION FOR ORDER TO SHOW
                                       CAUSE; DECLARATION OF JOHN D.
12     vs.                             OSBORN; EXHIBITS A-D.

                                       DATE:   MAY 1 9 2006
13 MAEDA PACIFIC CORPORATION,          TIME:   8:30 a.m.
                                       JUDGE:  Alex R. Munson
14          Defendant.

15

16        Comes now the Defendant Maeda Pacific Corporation and moves the Court for an order

17 directing Keith W. Ada who is under subpoena in the above matter to appear immediately, or at

18 such time as the Court may direct, and show cause why he should not be held in contempt of this

19 Court for failure to answer questions propounded to him during his deposition on May 2, 2006.

20        This motion is supported by the Memorandum of Points and Authorities attached hereto,

21 the declaration of John D. Osborn, the pleadings filed herein and such additional evidence as

22 may be produced at argument on the motion.

23

24                                     CARLSMITH BALL LLP

25

26 DATED: Saipan, MP, May 9, 2006.
                                       _____
27                                     JOHN D. OSBORN
                                       Attorneys for Defendant
                                       Maeda Pacific Corporation

28

4811-4086-8609.1.058671-00001

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    Background:

1.    On May 2, 2006 Keith W. Ada appeared at the offices of Carlsmith Ball LLP in response to a subpoena to give deposition testimony in the above matter.[1]  A copy of the Subpoena and Notice of Deposition served on Ada are attached hereto as Exhibit A.

2.    During the course of the deposition counsel for Defendant attempted to question Mr. Ada regarding the allegations in CNMI Superior Court Civil Action No. 06-0038C, *Keith W. Ada d/b/a Ada's Consulting Services v. Marianas Services Ent., Inc. dba Neo Remington, and Toshihiro Takahashi, Personally and as officer of Marianas Sunrise Ent. Inc.*, and his deteriorating relationship with Plaintiff in this case.  A copy of the *Ada v. Marianas Sunrise* Complaint is attached hereto as Exhibit B.

3.    Mr. Ada refused to answer questions regarding the deteriorated relationship with Mr. Takahashi or the allegations contained in his lawsuit.

4.    Although not representing Mr. Ada, Plaintiff's counsel sought to discourage Defendant's counsel from pursuing questioning on the subject issues.

5.    Attached hereto as Exhibit C are pages 27-34 of the Keith W. Ada deposition transcript which is that part of the deposition in question.

6.    In an attempt to resolve the matter, counsel for Defendant attempted to communicate with Mr. Ada's attorney but has received no response to such communications.  Attached hereto marked as Exhibit D are copies of email and fax communications to Mr. Ada's attorney.

Defendant Maeda Pacific having been unsuccessful in attempting to resolved this matter without the Court's intervention requests the Court issue an Order directing Keith W. Ada to

---

[1] Ada's deposition was originally set for April 28, 2006, but was re-scheduled to May 2, 2006 when he failed to appear on April 28, 2006.

1  appear and show cause why he should not be found in contempt of this Court for his refusal to

2  answer questions asked of him in his deposition.

3  II.     Refusal To Answer Is A Basis For Contempt:

4

5          F.R.C.P. 26(b)(l) permits discovery of any matter not privileged that is relevant.  Such

6  relevant information need not be admissible so long as it appears to be reasonably calculated to

7  lead to the discovery of admissible evidence.  It is not the prerogative of the witness to determine

8  what is or is not relevant and unless privileged, the witness is required to answer questions

9  propounded.  Whether the evidence is ultimately determined to be relevant and admissible is for

10 the Court to determine.

11         A witness who is not a party has no legal right upon the taking of
           his deposition, to refuse to answer any question, upon the advise of
12         his attorney, merely because the attorney believes that the
           testimony sought is irrelevant, incompetent or immaterial (citation
13         omitted).  *Ex parte Oliver*, 180 N.E.2d 599, 601 (1962)

14 See:  *In Re Keller*, 49 Cal.App.3d 663, 667 (1975).

15         A witness, of course, cannot 'pick and choose' the questions to
           which an answer will be given.  The management of the trial rests
16         with the judge and no party can be permitted to usurp that function.
           (citing *Yates v. U.S.* 355 U.S. 66, 73 and 78 S.Ct. 128, 133
17         2L.Ed.2d 95)

18 III.    Defendant Entitled To Inquire

19         The deponent was apparently previously involved with Plaintiff on several projects and

20 allegedly has provided business advice to Plaintiff.  The relationship between the deponent and

21 Plaintiff has deteriorated and the deponent currently is suing Plaintiff in the CNMI Superior

22 Court.  Defendant believes it is relevant to inquire into the nature of the pending suit between the

23 deponent and Plaintiff as it may lead to evidence which has a bearing on the truth and veracity of

24 the Plaintiff and/or the deponent.

25         The matters to be asked about are not privileged and there is no justifiable reason for

26 deponent not to answer the questions propounded.  Under the circumstances the deponent should

27 be compelled to appear before this Court to explain why he should not be held in contempt for

28

1    his refusal to answer questions at his depositions.

2                                **CONCLUSION**

3              The deponent's refusal to answer question was unjustified.  The deponent should be

4    required to appear before this Court to show cause why he should not be cited for contempt.

5

6                                              CARLSMITH BALL LLP

7

8    DATED: Saipan, MP, May 9, 2006.

     JOHN D. OSBORN
9                                              Attorneys for Defendant
                                               Maeda Pacific Corporation

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    CARLSMITH BALL LLP
     Carlsmith Building, Capitol Hill
2    P.O. Box 5241
     Saipan, MP  96950-5241
3    Tel No. 670.322.3455

4    Attorneys for Defendant
     Maeda Pacific Corporation
5

6

7                    UNITED STATES DISTRICT COURT

8                              FOR THE

9                    NORTHERN MARIANA ISLANDS

10   TOSHIHIRO TAKAHASHI,                    CIVIL ACTION NO. CV 05-0026

11            Plaintiff,

12        vs.                                DECLARATION OF JOHN D. OSBORN

13   MAEDA PACIFIC CORPORATION,

14            Defendant.

15

16        I, John D. Osborn, declare:

17   1.    I am a partner in the Saipan office of Carlsmith Ball LLP, attorneys for Defendant Maeda

18   Pacific Corporation.  I have personal knowledge of the matters stated herein and would be

19   competent to testify to same if called upon to do so.

20

21   2.    Attached hereto marked as Exhibits A-D are true and correct copies of the following

22   documents:

23            Exhibit A:              Notice of Deposition of Keith W. Ada and
24                                    Subpoena

25            Exhibit B:              Copy of Complaint in CNMI Superior Court
                                      Case CV 06-0038C, *Keith W. Ada, d/b/a Ada's*
26                                    *Consulting Services v. Marianas Sunrise Ent.*
                                      *Inc. and Toshihiro Takahashi, Personally and*
27                                    *as officer of Marianas Sunrise Ent. Inc.*

28

4849-8442-3937.1.058671-00001

Exhibit C:            Pages 27-34 of the deposition testimony of
                      Keith W. Ada taken May 2, 2006.

Exhibit D:            Copy of email of May 3, 2006 and fax letter of
                      May 8, 2006 to Attorney Joseph A. Arriola

I make this Declaration under penalty of perjury under the laws of the United States that the foregoing is true and correct. This declaration is made this 9th day of May 2006 at Saipan, Commonwealth of the Northern Mariana Islands.

 

 

_____
JOHN D. OSBORN

1   CARLSMITH BALL LLP
    Carlsmith Building, Capitol Hill
2   P.O. Box 5241
    Saipan, MP  96950-5241
3   Tel No. 670.322.3455

4   Attorneys for Defendant
    Maeda Pacific Corporation

5

6

7

8                       UNITED STATES DISTRICT COURT

9                               FOR THE

10                    NORTHERN MARIANA ISLANDS

11  TOSHIHIRO TAKAHASHI,               CIVIL ACTION NO. CV 05-0026

12              Plaintiff,

13      vs.                            NOTICE OF DEPOSITION

14  MAEDA PACIFIC CORPORATION,

15              Defendant.

16
    TO:  KEITH ADA
17

18      PLEASE TAKE NOTICE that attorneys for defendant Maeda Pacific Corporation in the

19  above-entitled action will take the deposition upon oral examination of Keith Ada at 1:30 p.m.

20  on April 28, 2006, before a person authorized by the laws of the United States, or some other

21  officer authorized by law to administer oaths, at the offices of Carlsmith Ball LLP, Carlsmith

22  Building, Capitol Hill, Saipan, CNMI. The deposition will continue from day to day until

23  completed.

24      Pursuant to the provisions of the Federal Rules of Civil Procedure, Rule 30(b)(4), you are

25  hereby notified that the deposition shall be recorded by a tape recorder rather than stenographic

26  means. Upon completion of the deposition, the tape recording shall be delivered to a secretarial

27  service, which shall transcribe the deposition from the tape recording. The tape recording will be

28  made available to the deponent by the secretarial service in connection with the review and



4823-8145-5872.1.058671-00001

1   signing of the deposition by the deponent. Upon completion of such review and signing, the tape

2   recording will not be filed with the Court, it will be returned to the undersigned for reuse.

3

4                                         CARLSMITH BALL LLP

5

6   DATED: _____ 4/18 _____, 2006.

7                                        JOHN D. OSBORN
                                             Attorneys for Defendant
                                             Maeda Pacific Corporation

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    CARLSMITH BALL LLP
     Carlsmith Building, Capitol Hill
2    P.O. Box 5241
     Saipan, MP 96950-5241
3    Tel No. 670.322.3455

4    Attorneys for Defendant
     Maeda Pacific Corporation
5

6

7                          UNITED STATES DISTRICT COURT

8                                   FOR THE

9                          NORTHERN MARIANA ISLANDS

10
     TOSHIHIRO TAKAHASHI,                    CIVIL ACTION NO. CV 05-0026
11
                Plaintiff,
12
         vs.                                 DEPOSITION WITNESS SUBPOENA
13
     MAEDA PACIFIC CORPORATION,
14
                Defendant.
15

16
     TO:    KEITH ADA
17

18       YOU ARE HEREBY COMMANDED to appear at the Carlsmith Ball LLP, Carlsmith

19   Building, Capitol Hill, Saipan CNMI on April 28, 2006 at 1:30 p.m. to testify at the taking of a

20   deposition in the above-entitled action pending in the United States District Court of the northern

21   Mariana Islands.

22       Pursuant to Rule 45(a)(1)(D) of the Federal Rules of Civil Procedure, the text of Rule 45

23   (c) and (d) state as follows:

24   **(c) Protection Of Persons Subject To Subpoenas**.

25       **(1)** A party or an attorney responsible for the issuance and service of a subpoena shall

26   take reasonable steps to avoid imposing undue burden or expense on a person subject to that

27   subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and

28

     4829-8543-5648.1.058671-00001

1  impose upon the party or attorney in breach of this duty an appropriate sanction, which may

2  include, but is not limited to, lost earnings and a reasonable attorney's fee.

3      **(2)(A)** A person commanded to produce and permit inspection and copying of designated

4  books, papers, documents or tangible things, or inspection of premises need not appear in person

5  at the place of production or inspection unless commanded to appear for deposition, hearing or

6  trial.

7      **(B)** Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit

8  inspection and copying may, within 14 days after service of the subpoena or before the time

9  specified for compliance if such time is less than 14 days after service, serve upon the party or

10  attorney designated in the subpoena written objection to inspection or copying of any or all of the

11  designated materials or of the premises. If objection is made, the party serving the subpoena shall

12  not be entitled to inspect and copy the materials or inspect the premises except pursuant to an

13  order of the court by which the subpoena was issued.  If objection has been made, the party

14  serving the subpoena may, upon notice to the person commanded to produce, move at any time

15  for an order to compel the production. Such an order to compel production shall protect any

16  person who is not a party or an officer of a party from significant expense resulting from the

17  inspection and copying commanded.

18      **(3)(A)** On timely motion, the court by which a subpoena was issued shall quash or

19  modify the subpoena if it:

20      **(i)**    fails to allow reasonable time for compliance;

21      **(ii)**    requires a person who is not a party or an officer of a arty to travel to a place more

22  than 100 miles from the place where that person resides, is employed or regularly transacts

23  business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such

24  a person may in order to attend trial be commanded to travel from any such place within the state

25  in which the trial is held, or

26      **(iii)**    require disclosure of privileged or other protected matter and no exception or

27  waiver applies, or

28      **(iv)**    Subjects a person to undue burden.

1      **(B)** If a subpoena

2         **(i)**    requires disclosure of a trade secret or other confidential research, development,

3  or commercial information, or

4         **(ii)**    requires disclosure of an unretained expert's opinion or information not

5  describing specific events or occurrences in dispute and resulting from the expert's study made

6  not at the request of any party, or

7         **(iii)**    requires a person who is not a party or an officer of a party to incur substantial

8  expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to

9  or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the

10  subpoena is issued shows a substantial need for the testimony or material that cannot be

11  otherwise met without undue hardship and assures that the person to whom the subpoena is

12  addressed will be reasonably compensated, the court may order appearance or production only

13  upon specified conditions.

14      **(d) Duties In Responding To Subpoena.**

15      (1) A person responding to a subpoena to produce documents shall produce them as they

16  are kept in the usual course of business or shall organize and label them to correspond with the

17  categories in the demand.

18      (2) When information subject to a subpoena is withheld on a claim that it is privileged or

19  subject to protection as trial preparation materials, the claim shall be made expressly and shall be

20  supported by a description of the nature of the documents, communications, or things not

21  produce that is sufficient to enable the demanding party to contest the claim.

22      This Subpoena is issued upon the application of the Defendant Maeda Pacific

23  Corporation.

24

25              APR 1 8 2006

26  DATED: _____.

27                    Dep.    CLERK OF COURT

28

4829-8543-5648.1.058671-00001        -3.-

1   **Joseph A. Arriola**
    **Attorney at Law**
2   2nd Floor Oceanside Plaza, Suite 305
    Beach Road, Garapan
3   P.O. Box 505080 CK
    Saipan, MP 96950
4   Tel. (670) 234-5501
    Fax: (670) 234-5503
5
    Attorney for Plaintiff
6
7                            IN THE SUPERIOR COURT
                                     FOR THE
8               COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

9   KEITH W. ADA dba ADA'S                    CIVIL ACTION NO. 06- 0038 C
    CONSULTING SERVICES,
10
                   Plaintiff,
11
           vs.
12                                            **COMPLAINT**
    MARIANAS SUNRISE ENT., INC. dba
13  NEO REMINGTON, and TOSHIHIRO
    TAKAHASHI, Personally and As Officer
14  Of Marianas Sunrise Ent., Inc.,

15                 Defendants.

16          Plaintiff, Keith W. Ada dba Ada's Consulting Services (hereinafter referred to as "Ada"), by

17  and through his counsel, Joseph Aldan Arriola, Esq., bring this action for judgment against the

18  Defendants, for amounts owed on the use of construction equipment provided by Plaintiff as well as

19  the personal services rendered by Plaintiff to Defendants.  Plaintiff further seeks judgment against

20  Defendants for damages caused to Plaintiff's character.  In support of his complaint, Plaintiff allege

21  as follows:

22

23                                  **JURISDICTION**

24      1.   Jurisdiction is vested in this court pursuant to 1 CMC section 3202.

25

26                                    **PARTIES**

27      2.   The Plaintiff is a U.S. citizen and a resident Saipan, Commonwealth of the Northern

28  Mariana Islands.  Plaintiff is engaged in a sole proprietorship consulting business.



**EXHIBIT**
**B**

1       3.  The Defendant company is a corporation organized under the laws of the Commonwealth

2   of the Northern Mariana Islands.

3       4.  Defendant Takahashi is a citizen of Japan and residing and doing business in the

4   Commonwealth of the Northern Mariana Islands.

5

6                         **AVERMENTS**

7   ***Personal and Equipment Services***

8       5.  Plaintiff hereby incorporates paragraphs 1 through 4 above as if fully stated herein.

9       6.  Between the periods December 2004 and June 2005, Defendant was engaged in the

10  construction of a Japanese temple at the Banzai Cliff.  Between said period of time, Plaintiff provided

11  consultation services and oversaw the project until its completion.  As per the parties' agreement,

12  Defendant was to compensate Plaintiff in the sum of $10,000.00.  Despite repeated demands by

13  Plaintiff, however, Defendant has failed and continues to fail to pay said amount due and owing to

14  Plaintiff.

15      7.  Between the periods February 2005 and June 2005, Plaintiff provided to Defendant his

16  1992 4x4 Toyota pick-up truck as part of the equipment to be used for the construction of said temple.

17  As agreed between the parties, Defendant promised to pay for the necessary costs of repair and

18  maintenance of Plaintiff's vehicle during and after the completion of said construction project.  As a

19  result of the use of Plaintiff's vehicle, Plaintiff has incurred costs for said repairs and maintenance in

20  the sum of $16,525.00.  Plaintiff continued to provide to Defendant the use of his truck over a period

21  of time based on promises made by Defendant to pay said costs.

22      8.  Despite repeated demands to be compensated for costs incurred to his truck, Defendant has

23  failed and continues to fail to pay to Plaintiff the above-mentioned amount.

24      9.  Between the periods February 2005 to September 2005, Plaintiff provided personal services

25  to Defendant by assisting them in the research of and documentation of certain information relative

26  to and in connection with a pending action initiated by Atom Action against Defendant.  Plaintiff

27  incurred fees in the amount of $1,500.00, of which Defendant promised to compensate to Plaintiff.

28

1    However, Defendant has failed and continues to fail to pay to Plaintiff said amount that is due and owing.

2        10.   Between the periods July 2005 and September 2005, Plaintiff provided personal service

3    to Defendant by assisting them in a labor case matter filed by Eden Quizon against Defendant.

4    Plaintiff incurred fees in the amount of $500.00, of which Defendant promised to compensate to

5    Plaintiff.  Once again, Defendant has failed and continues to fail to pay to Plaintiff said amount that

6    is due and owing to Plaintiff.

7        11.   On or about September 16, 2005, Plaintiff assisted Defendant in promoting and attracting

8    customers to Defendant's Neo Remington club by coordinating with and securing sponsorship from

9    Pacific Trading Co., Shell gas company, and Frozen Nipple.  The service fees incurred by Plaintiff for

10   organizing and arranging the promo night for the club was $500.00.  Again, Defendant has failed and

11   continues to fail to pay to Plaintiff said amount that is due and owing to Plaintiff.

12       12.   Defendant benefitted substantially from the services provided Plaintiff in the form of

13   consulting and physical services, as well as the use of said vehicle.

14       13.   Despite the services provided by Plaintiff, Defendant has failed to make any payments to

15   Plaintiff for said services.

16       14.   Based on the calculated billing records, the total outstanding amount owed by Defendant

17   to Plaintiff is **$29,025.00.**

18       15.   Plaintiff gave written notice to the Defendant specifying the amounts owed for said

19   services provided by Plaintiff.  Defendant failed to respond.

20

21   *Libel/Slander*

22       16.   Plaintiff hereby incorporates paragraphs 1 through 15 above as if fully stated herein.

23       17.   Sometime in the latter part of the year 2005, Defendant published in the Marianas Variety,

24   a newspaper of wide circulation, a Public Announcement informing the general public that Plaintiff

25   "is no longer an employee" of Defendant, and that any transaction made by Plaintiff will not be

26   honored by Defendant.

27       18.   Plaintiff was not and never was an employee of Defendant.  Plaintiff provided services

28   to Defendant as an independent contractor.

3

19. Defendant maliciously communicated to the general public false and defamatory statements by placing said public announcement as if Plaintiff was a terminated employee who was not trustworthy. The defamatory matter was understood by those persons to have such meaning.

20. The defamatory matter was calculated to cause, and did cause, great injury to Plaintiff's reputation of honesty, uprightness of character, and truthfulness.

21. Plaintiff is entitled to exemplary damages as a result of Defendants' defamatory statements.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff request judgment against the Defendant:

1. For the amounts now due and owing the Plaintiff, an outstanding balance of $29,025.00, plus interests;

2. For punitive damages;

3. For reasonable attorney's fees and Costs of suit; and

4. For such other and further relief as the Court may deem proper.

DATED this 1st day of February, 2006.

Respectfully submitted,

JOSEPH A. ARRIOLA (F0216)
Attorney for Plaintiff

### VERIFICATION

I, KEITH W. ADA, under penalty of perjury declare that: (1) I have read the foregoing Complaint and understand the contents thereof; (2) I hereby verify that the contents are true and correct; and (3) I have affixed my signature below on the ___ day of February, 2006, on Saipan, Commonwealth of the Northern Mariana Islands.

KEITH W. ADA
Plaintiff

4

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

TOSHIHIRO TAKAHASHI,    ) CIVIL ACTION NO. CV 05-0026
                                           )
            Plaintiff,              )
                                           )
       v.                             )
                                           )
MAEDA PACIFIC CORPORATION,  )
                                           )
            Defendant.           )
_____)

## DEPOSITION OF KEITH W. ADA

Taken at the Offices of Carlsmith Ball, LLP
Carlsmith Building, Capitol Hill, Saipan
Commonwealth of the Northern Mariana Islands

May 2, 2006

=============================
**Transcribed by:**
Celina A. Concepcion
**dba Judicial Services**
Atuhong Place, Chalan Piao
P. O. Box 500051-CK
Saipan, MP 96950
(670) 235-7585



1    Q    When was the next you had any contact with Mr.
2         Takahashi?
3    A    After?
4    Q    After he came back a month later?
5    A    ...[pause]--
6    Q    Were you still working on the temple project....
7    A    Yeah.
8    Q    ....at that time?
9    A    Still working on it, I was working on it until --
10        until May.
11   Q    Okay--
12   A    I'm sorry, June.
13   Q    Okay, your relations with him were pretty good up
14        through that period of time?
15   A    Yeah.
16   Q    Okay, when did they start to ah, deteriorate?
17        MR. TORRES: Objection.  That's not relevant to this
18   case.
19        MR. OSBORN: Go ahead.
20   A    Um, I don't think that I should discuss that?  I
21        mean it's--
22        MR. OSBORN: Well....
23   A    I have um--
24        MR. OSBORN: ....I have the opportunity to ask you
25   questions about this, Mr. Ada, so I'd like you to go

1    ahead and discuss that, if you would, please.  When did

2    your relationship with Mr. Takahashi begin to

3    deteriorate.

4    A   Um, like I said, I don't think I should answer that,

5        I mean without my attorney present?

6    Q   So you--

7    A   Um, this will be--

8    Q   You're gonna refuse to answer that?

9    A   Um, yeah, I think I should.  Yeah.

10    Q   And what's the reason for that?  In your mind.

11    A   Well, it might jeopardize my--

12    Q   Okay, well you're using Mr. Takahashi now, aren't

13        you?

14    A   Yes.

15    Q   Okay, because you say he owes you a lot of money,

16        right?

17    MR. TORRES: Objection, I think the witness has

18    testified that he's not willing to testify to that as it

19    may affect his pending case and I think--

20    MR. OSBORN: Is he denying -- is he denying that--

21    MR. TORRES: And I think you should respect that

22    because it has nothing to do with this case.

23    MR. OSBORN: Well, we'll let the court make that

24    judgment, Mr. Torres.  You're suing Mr. Takahashi for a

25    lot of money, right?

1    MR. TORRES: Again, ah we object as that the -- the

2    witness has testified that he's not willing to testify to

3    that area because it may jeopardize his pending case.

4    Q    You're the plaintiff in a lawsuit entitled Keith W.

5         Ada, dba Ada's Consulting Services versus Marianas

6         Sunrise Enterprises, Incorporated, dba Neo Remington

7         and Toshihiro Takahashi, personally, and as an

8         officer of Marianas Sunrise Enterprises, Inc.,

9         defendants, Civil Action 06-0038C in the Superior

10        Court of the Commonwealth of the Northern Mariana

11        Islands, right?

12   MR. TORRES: Objection.  The document speaks for

13   itself and the witness has testified that he wants to

14   preserve the status quo of this case and he doesn't have

15   his attorney present and ah, he doesn't wanna jeopardize

16   his case and I think we should respect that and,

17   additionally, it's completely irrelevant, it has nothing

18   to do with the fall, the injury, or -- or even remotely

19   possible to this case.

20   MR. OSBORN: You're the plaintiff in that lawsuit,

21   aren't you, Mr. Ada.

22   A    I guess everything is on there.

23   Q    Okay, and Joey Arriola represents you on that?

24   MR. TORRES: Objection, the document speaks for

25   itself.

-29-

1    Q    Joey Arriola represents you on that, doesn't he?

2    A    Yes.

3    Q    Okay.  Can you tell me what kind of a consulting

4         services you were providing for ah -- ah Mr.

5         Takahashi that ah -- we'll strike that.  Did Mr.

6         Takahashi have some kind of -- oops!  Didn't see the

7         light.

8    OFF/ON RECORD

9         MR. OSBORN: I thought this tape had ah -- needed to

10    be turned, but we still have some time left, so.  Mr.

11    Takahashi has a ah, a lawsuit going with an outfit called

12    Atom Action?  Is that correct?

13        MR. TORRES: Again, we object to the use of that

14    document, the document speaks for itself, ah if anything,

15    that document is not related to this case and we object

16    to the line of questioning as to that complaint, that

17    document as it is not relevant.

18        MR. OSBORN: Okay, does he have a lawsuit going with

19    Atom Action?

20    A    I don't think I should answer that.

21    Q    Well, we'll take this up with Judge Munson.  Let me

22         ask you this, I'm gonna mark this as ah, Exhibit 7,

23         I guess it would be, is that a copy of the complaint

24         that Mr. Arriola filed on your behalf?

25    A    ...[unintelligible].

1    Q    Okay, and it says in here that you provided personal

2         services to defendant by assisting him in research

3         of and documentation of certain information relative

4         to and in connection with a pending action initiated

5         by Atom Action against defendant--

6    A    Mr. Osborn, with all due respect, um I'm gonna have

7         to refrain from answering any of those questions

8         which involve my suit versus him, versus Mr.

9         Takahashi.  Um--

10   Q    Okay, what lawsuit does Atom--

11        MR. TORRES: And for the record, we would like to

12   make our objection as well and I think client has made it

13   clear that he has an attorney presently regarding this

14   case, he wants his attorney present, he doesn't wanna

15   jeopardize this case and the allegations, asking the

16   client -- the -- the -- Mr. Keith Ada regarding the

17   allegations, whether these allegations are true or not,

18   may jeopardize this case if by some -- by his responses

19   and I believe his attorney should be present and ah, we

20   gotta respect that at this point.

21        MR. OSBORN: I'm not asking whether the allegations

22   are true or correct, Mr. Torres, I'm asking him what is

23   the service he provided in connection with Atom Action.

24   That's all.

25        MR. TORRES: The document speaks for itself.

1       MR. OSBORN: No, it doesn't, it says he offered

2   assistance in research and documentation of certain

3   information relative to and in connection with a pending

4   action initiated by Atom Action against defendant.   Let

5   me approach in a different way.

6       MR. TORRES: Could I see--

7       MR. OSBORN: Why--

8       MR. TORRES: Could I see that?

9       MR. OSBORN: Sure.   Paragraph ah, 9, lines 24 through

10  27.   Let me ask you this, Mr. Ada, why is Atom Action

11  suing Mr. Takahashi.

12      MR. TORRES: Objection, the witness has testified

13  that he would like his counsel present and I think we

14  gotta respect that.

15      MR. OSBORN: It doesn't have anything to do with

16  veracity, all I'm asking is why is Atom Action suing

17  Mr. Takahashi.

18  A   Again, I have to refrain from answering--

19  Q   Do you know why they're suing him?

20      MR. TORRES: We object as the witness has testified

21  that he wants to ah, refrain from answering that, it's a

22  case pending, it's a case that may affect his financial

23  interest ah, among other interests, and ah, it has

24  nothing to do with this case.

25  Q   Do you know why Atom Action is suing Mr. Takahashi?

-32-

1           It's a yes or no question.

2           MR. TORRES: And, ah we object, can we have a copy of

3      the complaint?

4           MR. OSBORN: Sure, I'll make you one.

5      A    I really hate repeating myself, again I have to

6           refrain from answering any of -- I'm gonna refrain

7           from answering any of those questions unless my

8           attorney is here.

9      Q    Okay, shall we get Mr. Arriola on the phone and see

10          if he's available to come over?

11     A    Ah, that will be better.

12          MR. OSBORN: Okay, let's go off the record then.

13     OFF/ON RECORD

14          MR. OSBORN: We're back on the record, we tried to

15     call Mr. Arriola's office, ah he wasn't available, we'll

16     try and contact him later, but I don't wanna hold up the

17     ah, deposition.  You're gonna refuse to answer any

18     question about ah, the ah, lawsuit where you sued Mr.

19     Takahashi, is that correct?

20     A    Yes, sir.

21     Q    Okay, and you're not gonna tell me why Atom Action

22          is suing Mr. Takahashi, is that correct?

23     A    Yes, sir.

24     Q    Okay, and the reason for that, please?

25     A    As I stated earlier, it might my jeopardize my

-33-

```
 1          lawsuit.
 2     Q    And, how does that jeopardize your lawsuit to tell
 3          me why Atom Action is suing Mr. Takahashi?
 4     A    First and foremost, um my attorney has um -- has
 5          consulted me not to discuss this case, the suit,
 6          with anybody, so.
 7     Q    Fair enough.  We'll take it up with Judge Munson.
 8          When was the last time you talked with ah,
 9          Takahashi?
10     A    I don't know.
11     Q    What's your best estimate?
12     A    Last year?
13     Q    When last year, to the best of your recollection?
14     A    September.
15     Q    Okay, do you recall what you talked about on that
16          occasion?
17     A    Ah, yeah.
18     Q    What did you talk about, please?
19     A    I was trying to arrange a payment plan.
20     Q    Payment plan for?
21     A    For the money that he owed me.
22     Q    Okay, which is the subject to the lawsuit....
23     A    Yes.
24     Q    ....that you don't wanna talk about?
25     A    Yes.
```

# CARLSMITH BALL LLP

A LIMITED LIABILITY LAW PARTNERSHIP

CARLSMITH BUILDING, CAPITOL HILL

P.O. BOX 5241

SAIPAN, MP 96950-5241

TELEPHONE 670.322.3455   FAX 670.322.3368

WWW.CARLSMITH.COM

**FAXED**

MAY 0 8 2006

## FACSIMILE TRANSMISSION

UNLESS OTHERWISE INDICATED OR OBVIOUS FROM THE NATURE OF THE TRANSMITTAL, THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED BELOW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR OR ARE NOT SURE WHETHER IT IS PRIVILEGED, PLEASE IMMEDIATELY NOTIFY US BY COLLECT TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE AT OUR EXPENSE. THANK YOU.

**DATE:**        May 8, 2006

| TO:        Name | Fax No. | Phone No. |
|---|---|---|
| Joseph A. Arriola | (670) 234-5503 | (670) 234-5501 |
| cc:Victorino DLG Torres | (670) 233-5510 | (670) 233-5506 |

**FROM:**        John D. Osborn

**NUMBER OF PAGES INCLUDING THIS COVER SHEET: 2**

**CASE NAME:**        Takahashi v. Maeda Pacific

**CASE NUMBER:**

☐ ORIGINAL/COPY WILL BE MAILED        ☒ ORIGINAL/COPY WILL NOT BE MAILED

**MESSAGE:**        JOEY:

May I have a response to my e-mail to you of May 3, 2006?; copy attached. I intend to file a Motion to Show Cause for Keith's refusal to answer some deposition questions. If this is not resolved by the end of business today I will file the motion early tomorrow morning. I have a stipulation from Vic that the matter can be heard on 5/1/8/06 in the afternoon if Judge Munson's schedule permits. Otherwise I will ask that it be heard on the morning of the 19th when we have our Pretrial Conference.



EXHIBIT
D

If problems occur, please call our fax operator at 670.322.3455.

## John D. Osborn

| | |
|---|---|
| **From:** | John D. Osborn |
| **Sent:** | Wednesday, May 03, 2006 9:48 AM |
| **To:** | Joseph A. Arriola |
| **Cc:** | Victorino DLG Torrres |
| **Subject:** | Keith Ada |

Joey:

I represent Maeda Pacific in a suit filed by Vic Torres on behalf of Toshihiro Takahashi.  A witness in the case is Keith Ada.

We took Keith's deposition yesterday and part of the deposition were questions I wanted to ask regarding the lawsuit you have filed on behalf of Keith against Takahashi.  Keith refused to answer without you being present. We stopped the deposition and attempted to call you, but you were unavailable.

I would like to re-convene Keith's deposition to conclude my questioning in the area he refused to answer.  I request that you contact Keith in the immediate future so that the matter can be scheduled at a time when you can be present.  I think my questions were legitimate and I would like to have them answered.  I don't want to have to bring this to the attention of Judge Munson, but I will do so if necessary.  We have a May 30, 2006 trial date.  Vic is going to be off-island from May 6 to 17 so we need to get this done either before he leaves or as soon as he gets back.

Please contact Keith and advise whether he will agree to go forward with the questioning with you being present.

Regards.

John

# Group Send Report

Date & Time: May-08-2006  01:41pm
Tel line   : +670 322 0662
Machine ID : CARLSMITH BALL LLP SAIPAN

Job number          :   166

Date & Time         :   May-08 01:39pm

Number of pages     :   002

Start time          :   May-08 01:39pm

End time            :   May-08 01:41pm

Successful numbers

    Fax numbers

☎2345503
☎2335510

Unsuccessful numbers                                                    Pages sent