CARLSMITH BALL LLP
Carlsmith Building, Capitol Hill
P.O. Box 5241
Saipan, MP 96950-5241
Tel No. 670.322.3455

Attorneys for Defendant
Maeda Pacific Corporation

FILED
Clerk
District Court

MAY 1 6 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| TOSHIHIRO TAKAHASHI,<br><br>    Plaintiff,<br><br>vs.<br><br>MAEDA PACIFIC CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO. CV 05-0026<br><br>MOTION IN LIMINE TO EXCLUDE EVIDENCE AND REFERENCE TO INSURANCE; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>TRIAL DATE:  May 30, 2006<br>TIME:        9:00 a.m.<br>JUDGE:       Alex R. Munson |
|---|---|

Comes now the Defendant Maeda Pacific Corporation and moves the Court for an Order *in Limine* excluding the introduction of evidence and testimony of any applicable liability insurance policy at trial.

This motion is supported by the attached Memorandum of Points and Authorities attached hereto, the pleadings filed herein and such additional evidence as may be produced at argument on the motion.

CARLSMITH BALL LLP

DATED: Saipan, MP, May 16, 2006.

JOHN D. OSBORN
Attorneys for Defendant
Maeda Pacific Corporation

4818-1353-0369.1.058671-00001

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant seeks an order excluding any reference to insurance during voir dire and during the trial proceedings and to exclude from evidence the fact that Defendant has insurance for damages allegedly sustained by Plaintiff.

This Court has inherent power to determine preliminary questions of admissibility under F.R.E. Rule 104, and to exclude any evidence deemed irrelevant; Fed. R. Evid. 402 (1975), or if relevant, where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403 (1975).

As a general rule, the existence of insurance coverage traditionally is excluded from jury trials. The reason is because of the highly prejudicial effect to a defendant if the existence of insurance coverage is known to the jury. Fed.R.Evid. 411 states:

> Evidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or otherwise wrongfully. This rule does not require the exclusion of insurance against liability when offered for another purpose, such as proof of agency, ownership or control, or bias or prejudice of a witness.

The Advisory Committee Notes provide further insight:

> The courts have with substantial unanimity rejected evidence of liability insurance for the purpose of proving fault, and absence of liability insurance as proof of lack of fault. At best the inference of fault from the fact of insurance coverage is a tenuous one, as is its converse. More important, no doubt, has been the feeling that knowledge of the presence or absence of liability insurance would induce juries to decide cases on improper grounds.

The virtual unanimity of judicial rejection of evidence that a party is insured against liability is soundly based on both legal and policy considerations. Foremost among those considerations is relevance. Whether a party is insured against liability simply provides no rational basis for an inference of liability or the lack thereof. Liability insurance is not relevant to any issue in this case and for this reason alone, it should be excluded. Fed. R. Evid. 402.

Even more importantly perhaps, and as the Advisory Committee recognized, there exists

the very real danger that knowledge of the existence of insurance might bias the jurors and influence their decision on improper grounds.  Consequently, even the slightest mention of liability insurance covering Defendant with respect to Plaintiff's claim would result in undue prejudice to Defendant and for this reason, it should be excluded. Fed. R. Evid. 403.

Case law on the issue supports Defendant's Motion.  In *Swartz v. Peterson*, 256 N.E.2d 681, 684 (1977) Plaintiff moved the Court for an order permitting disclosure to the jury of her uninsured motorist carrier which had intervened.  The Court said:

> Where the fact of insurance is relevant to some issue in a case, it cannot be properly excluded, but where not relevant to any issue, evidence of the existence of insurance coverage is inadmissible (citation omitted).  The fact of insurance is irrelevant to the question of negligence." (Citation omitted).

In the case of *Turner v. Smith*, 232 S.W. 2d 1006, 1008 (1950) Plaintiff sued a police officer and his insurance carrier, who was a surety on Defendant Turner's bond; the insurance company was a party defendant.  The Court in construing the insurance company's position stated:

> It is the contention of the Insurance Company that, since there was no issue of fact to be tried between it and Smith because it had admitted liability, if Turner were found liable, it was prejudiced to point out to the jury that it was party.

The Court in responding to the carrier's contention said:

> Pleadings may be shown or read to the jury to throw light on the facts of a case.  This was not necessary in the case at bar, however, insofar as the Insurance Company was concerned, because there was no issue of fact between it and *Smith. Id* at Page 1009.
>
> We have frequently condemned the injection of insurance into a case. (Citation omitted.)  We can not escape the conclusion that the insurance question was injected into this case in such a manner as to constitute prejudicial error. *Id* at page 1009.

Judgment for Plaintiff was reversed. *Turner v. Smith* was cited with approval in *Turner v. Boleyn*, 243 S.W. 2d 482 (1951) when the Court stated:

> Turning to our recent opinion in *Turner v. Smith*, 313 Ky. 635, 232 S.W. 2d 1006, and *Logan v. Porter*, 314 Ky. 552, 236 S.W. 2d 478, we find that under the same circumstances, where reference was made to the fact that the insurer was a party Defendant in

substantially the same language, we held reversible error.

Finally, in *Poulin v. Zartman*, 548 P 2d 1299, 1300 (1976), an issue presented was whether evidence of defendant's insurance should have been presented to the jury. The Court said:

> In our view the evidence (of insurance) is irrelevant to establishing either negligence or damages. Moreover, the admission of such evidence would pose a danger of its misuse by the jury, which far outweighs the value of such evidence. (Citation omitted.) The ability to respond in damages should have no bearing on the fault-finding process. Since a Defendant's insurance coverage is irrelevant to the issue of fault, the jury should not consider it at all, and the introduction of any evidence on the point by either party should not be permitted unless in some extraordinary case its relevance should outweigh its prejudicial nature. In the case at bar, this evidence was properly excluded.

There is no reason for any reference to insurance in this case. This case involves questions of liability and damages between the Plaintiff and Defendant. The existence of insurance coverage has absolutely no bearing on those questions. If reference to insurance is precluded and evidence of coverage is excluded, Plaintiff is not prejudiced. On the other hand, the potential prejudicial affect on Defendant is enormous. The potential prejudice to Defendant far outweighs any benefit to Plaintiff and therefore reference to insurance in any manner should be prohibited.

In this instance the existence or non-existence of insurance is irrelevant and unrelated to Plaintiff's claim of negligence, as it has nothing to do with determining alleged liability and damages. In this regard, the only affect the introduction of such evidence could have would be to unfairly influence the jury by injecting a fact that has nothing to do with either alleged liability or damages. The probative value of such evidence versus the clearly prejudicial impact to the Defendant, weighs exclusively in favor of the exclusion of any insurance information.

///

///

///

///

## **CONCLUSION**

Based on the foregoing authority, Defendant requests that Plaintiff be precluded from making any reference to the existence of Defendant's liability insurance at any stage of the proceedings including voir dire and trial.

CARLSMITH BALL LLP

DATED: Saipan, MP, May 16, 2006.

_____
JOHN D. OSBORN
Attorneys for Defendant
Maeda Pacific Corporation