1    CARLSMITH BALL LLP
     Carlsmith Building, Capitol Hill
2    P.O. Box 5241
     Saipan, MP 96950-5241
3    Tel No. 670.322.3455

4    Attorneys for Defendant
     Maeda Pacific Corporation

5

**F I L E D**
Clerk
District Court

MAY 1 6 2006

For The Northern Mariana Islands
By_____
                (Deputy Clerk)

6

7

8                  UNITED STATES DISTRICT COURT

9                         FOR THE

10                NORTHERN MARIANA ISLANDS

11   TOSHIHIRO TAKAHASHI,              CIVIL ACTION NO. CV 05-0026

12              Plaintiff,             MOTION IN LIMINE TO EXCLUDE
                                       TESTIMONY OF PLAINTIFF'S
13        vs.                          DESIGNATED MEDICAL EXPERT;
                                       EXHIBITS A-B; DECLARATION OF
14   MAEDA PACIFIC CORPORATION,        JOHN D. OSBORN

15              Defendant.             TRIAL DATE:  May 30, 2006
                                       TIME:       9:00 A.M.
16                                     JUDGE:      Alex R. Munson

17

18        Comes now the Defendant Maeda Pacific Corporation and moves the Court for an Order

19   *In Limine* to exclude the introduction of evidence and testimony of Dr. H. Christine Brown at

20   trial.  This motion is supported by the Memorandum of Points and Authorities attached hereto,

21   the declaration of John D. Osborn, the attached exhibits, the pleadings filed herein and such

22   additional evidence as may be produced at argument on the motion.

23
                                       CARLSMITH BALL LLP
24

25   DATED: Saipan, MP, May 16, 2006.
                                       _____
26                                     JOHN D. OSBORN
                                       Attorneys for Defendant
27                                     Maeda Pacific Corporation

28

4846-1296-6145.2.058671-00001

## **MEMORANDUM OF POINTS AND AUTHORITIES**

I.    Background:

1.    On August 9, 2005, this action was removed from Superior Court to this Court. The Complaint alleges that the Plaintiff suffered personal injury, including financial loss, due to the alleged negligence of the Defendant.

2.    Pursuant to the Court's Case Management Order of September 2, 2005, the Court Ordered that all Discovery shall be served by December 31, 2005, and that all discovery motions shall be filed on or before March 2, 2006. The Court further Ordered that Plaintiff provide its expert disclosure and report by March 1, 2006, and that all expert discovery shall be completed by April 12, 2006. The parties informally agreed to the extension of the discovery cut off date.

3.    On April 4, 2006, Plaintiff disclosed the identify of his designated expert witness but the required report pursuant to F.R.C.P. 26(a)(2) was not provided as the expert had not yet examined the Plaintiff. A copy of the disclosure letter is provided as Exhibit A.

4.    On May 2, 2006, Plaintiff's counsel provided a report and Curriculum Vitae for his designated expert witness, Dr. H. Christine Brown of Island Medical Center. Dr. Brown was not identified in any response to Interrogatories and Request for Production of Documents as a treating physician or expert witness. A copy of Dr. Brown's report and Curriculum Vitae are attached Exhibit B.

II.    Federal Rules of Procedure Require The Exclusion of Testimony and Evidence as Plaintiff Failed to Produce Discovery

The Federal Rules of Civil Procedure are intended "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1 (1993). A party to a civil proceeding in federal district court is under a duty to timely correct and/or supplement his initial and pretrial disclosures. Fed. R. Civ. P. 26(e)(1) (2000). "[T]he litigants should not indulge in

gamesmanship with respect to the disclosure obligations." *Marchand v. Mercy Med. Ctr.*, 22

F.3d 933, 936 n. 3 (9th Cir. 1994) (*citing* Fed. R. Civ. P. 25 advisory committee's note). The

failure to comply with disclosure requirements triggers automatic sanctions under Rule 37(c)(1):

A party that without substantial justification fails to disclose information required by Rule 26(a)

or 26(e)(1) or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless

such failure is harmless, be permitted to use as evidence at a trial, at a hearing or on a motion any

witness or information not so disclosed. Fed. R. Civ. P. 37(c)(1) (2000).

The penalty for failing to comply with disclosure requirements is "self-executing" and

"automatic". Fed. R. Civ. P. 37(a) advisory committee's note. FRCP Rule 26(e) does not require

that a discovery order be violated before sanctions can be imposed. This Court has "inherent

power to discipline breaches of Fed. R. Civ. P., Rule 26(e), even in the absence of a court order",

including the sanction of excluding the evidence. *Campbell Indus. v. M/V Gemini*, 619 F.2d 24,

27 (9th Cir. 1980); 6 MOORE 'S FEDERAL PRACTICE , § 26.132[6] (footnotes omitted). Thus,

a motion to compel compliance with the discovery rules does not need to be filed before the

exclusion sanction can be imposed. A party may secure exclusion of evidence produced in

violation of FRCP Rule 37(c)(1) through a motion in limine. *Paradigm Sales, Inc. v. Weber

Mktg. Systems, Inc.* , 880 F. Supp. 1247, 1255-56 (N.D.Ind. 1995).

In determining whether the court should properly exclude undisclosed evidence,

including both testimonial and documentary evidence, the following five factors should be

considered: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy

favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997) (*citing Wanderer v. Johnston* , 910

F.2d 652, 656 (9th Cir. 1990)); *see also Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997).

1     The first two of these factors favor the imposition of sanctions in most cases, while the

2     fourth cuts against a default or dismissal sanction. *Wanderer* , 910 F.2d at 656. Thus, the key

3     factors are the risk of prejudice and the availability of lesser sanctions. *Id* . A defendant suffers

4     prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to

5     interfere with the rightful decision of the case. *Adriana Int'l Corp. v. Thoeren* , 913 F.2d at 1406,

6     1412 (9th Cir. 1990); *see also  Payne*, 121 F.3d at 508 (holding that the "last-minute tender of

7     documents does not cure the prejudice to opponents nor does it restore to other litigants on a

8     crowded docket the opportunity to use the courts").

9

10

11    A.  Plaintiff's Designated Expert Testimony and Report Should Be Excluded For Failure
      to Timely Disclose and Failure to Establish Qualifications As An Expert.

12    1.    The Expert and Report Should be Excluded For Failure to Produce As
      Directed by the Court.

13    Plaintiff's eve of trial disclosure and incomplete production of his expert witness

14    testimony demands the exclusion of such testimony.  Notwithstanding the Court's Order that

15    experts be designated and reports provided by March 1, 2006, and that all expert discovery by

16    April 12, 2006, Plaintiff delayed disclosure of his expert's identity until April 4, 2006.

17    Moreover, even at that late date, Plaintiff failed to provide the required expert report and further

18    disclosed that his designated expert had not even examined the Plaintiff.  Counsel's letter further

19    noted that Plaintiff would not be examined until some time after April 10, 2006, two days prior

20    to the completion of expert discovery.

21    It was not until May 2, 2005, that the report and Curriculum Vitae of Dr. Brown were

22    finally provided.  Plaintiff's eve of trial disclosure has prejudiced Defendant because not only

23    was the information provided too close to the trial date to provide for effective discovery, the

24    report itself appears to be based on unknown information.

25

26

27

28

1   The expert report suggests that other medical information exits which has not been

2   provided to the defense.  On the first page of her report, Dr. Brown notes that she reviewed

3   records of treatments provided by the "Murao Clinic."  The "records of treatment" are not

4   identified.

5

6       Plaintiff having failed to produce Court ordered medical records; the defense is left to

7   guess as to what "records of treatment" Dr. Brown used to reach her opinion.  Additionally, Dr.

8   Brown makes reference to "interview and examination" of Plaintiff on April 19, 2006, but no

9   office notes of the interview or exam are provided.  Thus, even if time had permitted to depose

10  Dr. Brown, it would have been impossible to effectively do so due to Plaintiff's failure to

11  produce the records ordered by the Court.  As the production of this information was entirely

12  within Plaintiff's control, he should not now benefit by allowing his witness to provide expert

13  testimony without timely disclosing the report or the information utilized in the preparation of

14  the report.  Dr. Brown also opines that a referral to a neurologist is appropriate and that would

15  involve additional expense to the Plaintiff, but provides no opinion as to what that additional

16  expense would be.

17

18      Where a party has failed to provide expert witness discovery, exclusion is the only

19  applicable remedy.  *See*, *Miksis v. Howard*, 106 F.3d 754, 760 (7th Cir. 1997) (The court did not

20  abuse its discretion in striking defendant's experts for failure to make timely disclosures.);

21  *Barrett v. Atlantic Richfield Co.* , 95 F.3d 375, 380-381 (5th Cir. 1996) (The court did not abuse

22  its discretion in striking the testimony of plaintiff's expert witnesses for failure to comply with

23  discovery order requiring that witnesses be identified and submit to depositions by a certain

24  date.); *Hull v. Eaton Corp.* , 825 F.2d 448, 452, 263 U.S.App. D.C.311, 315 (D.C. Cir. 1987) (A

25  court may sanction a party's continued and unexcused refusal to name an expert witness by

26  precluding testimony form such witness without first determining how badly the party needs the

27

28

1    witness.)

2          2.    The Proposed Expert Testimony and Report Should be Excluded as
3                Inconsistent

4          The introduction of expert testimony is provided for in Federal Rule of Evidence 702.

5    Generally, for its witness to provide an expert opinion, Plaintiff must lay sufficient foundation

6    for the trial court to determine that the witness is "qualified as an expert by knowledge, skill,

7    experience, skill, experience, training or education" before being such opinion testimony is

8    permitted.  Fed.R.Evid. 702.  The Court in *Daubert v. Merrill Dow Pharmaceuticals*, 509 U.S.
9
10   579, 113S.Ct. 2786, 2798(1993) requiring an expert to be qualified said:

11              "This gate keeping function requires the trial court to determine,
                given the proffered expert's background, whether the scientific,
12              technical or specialized knowledge he offers will assist the trier
                better to understand a fact in issue.'" *Gaydar v. Sociedad Instituto*
13              *Gineco*, 345 F.3d 15, citing *US v. Alzanki*, 54 F.3d 994, 1005 (1st
                Cir. 1993).
14

15         It appears that Plaintiff will attempt to use the report as expert opinion evidence

16   concerning the alleged permanent nature of the nerve damage.  In this regard, Plaintiff has failed

17   to establish Dr. Brown as an expert in neurology and the report itself casts serious doubts on its

18   findings as Dr. Brown defers her opinion to a neurologist to determine the extent of nerve injury

19   and its permanency.
20

21         On page 2, section 3 of the proffered report, Dr. Brown discusses the alleged nerve

22   damage to Plaintiff's index finger states:

23
24              "...my diagnosis is that this is an injury to the nerve in the client's
                finger and its most likely permanent.  As a general practitioner, I
25              would defer this conclusion to a neurologist to determine the extent
                of the nerve injury and would recommend the patient visit a
26              neurologist."

27         Given the self doubting nature of the report, with respect to Dr. Brown's recognition of

28   her own limited ability to diagnosis the injury and need for further opinion,  the prejudice of her

testimony and report clearly outweighs any probative value.

The proffered report and the qualifications of Dr. Brown as a general practitioner offers no such assistance to the trier of fact and is prejudicial to Defendant as it allows an the designated expert to offer an opinion which she herself admits she is not qualified to make.

To allow Dr. Brown to provide an expert opinion in light of her position that a referral to neurologist is more appropriate is clearly prejudicial to the defense when there was no opportunity to conduct responsive discovery as to what that expert may have opined and whether any permanent damages exists.  To paraphrase Dr. Brown, an expert opinion is required and that has not yet been proffered to the Court.

## CONCLUSION

Because of Plaintiff's failure to comply the Court's Order to produce and complete expert discovery and to provide a foundation for the offering of expert testimony, Defendant respectfully requests the exclusion of any introduction of expert testimony by Plaintiff.

CARLSMITH BALL LLP

DATED: Saipan, MP, May 16, 2006.

JOHN D. OSBORN
Attorneys for Defendant
Maeda Pacific Corporation

# TORRES BROTHERS, LLC.

### ATTORNEYS AT LAW

BANK OF GUAM BUILDING, THIRD FLOOR
P.O. BOX 501856
SAIPAN, MP 96950
TEL.: (670) 233-5504/6  FAX: (670) 233-5510

Victorino DLG. Torres, Esq.
Joaquin DLG. Torres, Esq.
Vincent DLG. Torres, Esq.

April 4, 2006

John D. Osborne
CarlSmith Ball LLP
P. O. Box 5241
Saipan, MP 96590
Tel: (67) 322-3455

*Re:*   *Takahashi v. Maeda: Civil Action No. CV 05-0026*

Dear John:

The name of the Doctor that will be testifying at our expert witness is:

H. Christine Brown, MD
P. O. Box 504669
Saipan, MP 96950

Dr. Brown works at Island Medical Center. As I informed you over the phone, I cannot comply with Rule 26 (b) (4) (A) (i) at this point because Dr. Brown has not been able to meet with the plaintiff. The plaintiff is expected on the 10th of April, 2006 and Dr. Brown will meet with him immediately thereafter. My office will provide you a copy of her report as soon as we get it from Dr. Brown.

Thank you for your time and cooperation in this matter. Please advise if there is anything else that you want or need.

Si Yu'us Ma'ase,

Joaquin DLG. Torres
Attorney for T. Takahashi

**RECEIVED**
**CARLSMITH BALL LLP**
**ATTORNEYS AT LAW**
DATE: 4-04-06   TIME: 3:46 pm
BY: _____

EXHIBIT
**A**



**MICRONESIAN HEALTH CORPORATION**

## Island Medical Center

*Your NEW Family Care Center*

PO Box 504669 CK, Saipan, MP, 96950 * Phone: 670-235-8880 * Fax: 670-235-8370 * email: imc@pticom.com

April 21, 2006

Re: Toshihiro Takahashi          DOB: July 8, 1946

1. Name and Qualifications of Expert Witness

   H. Christine Brown, M.D.

   Medical Training:
   Residency: University of Cincinnati Family Practice Residency Training
   Program, 1992-1995.
   Medical School:  University of South Florida, College of Medicine, 1992.

   Medical Experience
   Medical Director Island Medical Center, Saipan, MP, 2002 to present.
   Physician, Elder Health of Volusia, 2001.
   Locum Tenens Physician, Queensland, Australia, 2000.
   Physician, Hendry Regional Medical Center, Clewiston, Florida 1995-
   1999.

2. Data or other Information Considered by Expert in Forming Opinion.

   A. Interview and examination of Mr. Toshihiro Takahashi on April 19,
   2006.

   B. Medical records from Pacific Medical Center from March 18, 2005.

   C. Records of treatment at Murao Clinic March 22, 2005 to April 1, 2006.

   D. Medical records from Saipan Health Center, Mr. John Pangelinan from
   March 18, 2005.

   E. Evaluation of right hand X-ray from Saipan Health Center from May 27,
   2005.

   F. Medical records from Medical Associates of the Pacific, Dr. Norma
   Ada, from September 12, 2005.



EXHIBIT

*B*

May 02 06 08:13a
May 01 20 05:13p    M:    onesian Health Corp    67(    35-8370

Case 1:05-cv-00026    Document 67    Filed 05/16/2006    Page 10 of 21

2335510

P.3
P.3

G. Receipts and Medical Certification, Dr Sakaru Suzu Osteopath Clinic, April 5 through March 2006.

H. Deposition of Toshihiro Takahashi Taken on April 12, 2006.

I. Pictures of Injury and location.

3. Complete statement of all opinions to be expressed:

A. Injury to right shin, right shoulder, and right second finger were caused by the fall which occurred on or about March 17, 2005.

B. Injury to the right shin is healed, with a permanent scar remaining.

C. Injury to the right shoulder is healed, with no scar.

D. Injury to the right second finger has persisted for over one year. It has remained swollen and the client continues to have pain and a shock sensation through the finger. He also has pain when flexing the finger at the MCP joint and is unable to fully flex the finger. The client has been receiving treatment from Japan but this has not cured the injury. This treatment from the client's description is an "electromagnetic" treatment. There is a Certification from Dr. Suzu Taketoshi which recommends continued treatment.

I have seen the X-ray of the right second finger from May 27, 2005 which is negative for fractured bones.

On examining the patient and taking his history, my diagnosis is that this is an injury to the nerve in the client's finger and it is most likely permanent. As a general practitioner, I would defer this conclusion to a neurologist to determine the extent of the nerve injury and would recommend the patient visit a neurologist.

I am not aware of any neurologist here in the Commonwealth. The closest one is in Guam. Treatment on Guam would require more financial recourses and expenses than if the treatment were here in the Commonwealth.

4. The basis and reasons for the Opinions.

A. Injury to the right shin: Interview of the witness, visible inspection of the scar, and pictures taken shortly after the injury.

B. Injury to the right shoulder: Interview and examination of the witness, examination of the shoulder which shows no residual injury, and pictures taken shortly after the injury.

C. Injury to the right second finger: Interview and examination of the witness. The client continues to complain of nerve shock in the finger and tenderness and swelling at the base of the finger. Although the client has received treatment in Japan, it has not been cured. Records from Japan indicate that the patient needs continued treatment. My evaluation is that the client has a nerve injury to the right second finger which is most likely permanent.

Sincerely,

H. Christine Brown, MD
Medical Director
Island Medical Center

May 02 06 08:13a
May 01 20 05:13p

Case 1:05-cv-00026    Document 67    Filed 05/16/2006    Page 12 of 21

2335510

onesian Health Corp    67(    35-8370

P.4
P.5

## *Curriculum Vitae*
## *H. Christine Brown*

### Current Address

PO Box 504669 CK
Saipan, MP 96950
Phone: (670) 235-8880
e-mail: hcbrown@yahoo.com

### Personal

Birth Date: August 29, 1959
Birth Place: Saiki, Japan
Marital Status: Single

### Residency

| | |
|---|---|
| University of Cincinnati<br>Family Medicine Residency Training Program<br>International Health Track<br>Cincinnati, Ohio | 1992 - 1995 |

### Medical Education

| | |
|---|---|
| University of South Florida<br>College of Medicine<br>Tampa, Florida<br>M.D., May 1992 | 1988 - 1992 |

### Undergraduate Education

| | |
|---|---|
| University of Central Florida<br>Orlando, Florida<br>B.S. in Biology, May 1998 | 1986 - 1988 |
| University of Central Florida<br>Orlando, Florida<br>B. S. in Respiratory Therapy, July 1982 | 1979 - 1982 |
| Stetson University<br>DeLand, Florida | 1978 - 1979 |
| Oral Roberts University<br>Tulsa, Oklahoma | 1977 – 1978 |

**Professional Experience**

Hendry Family Care Center                          August 1995
500 West Sagamore Avenue                      to December 1999
Clewiston, Florida 33440

Locum Tenens in Queensland, Australia      January 2000
Global Medical Staffing                             to September 2000
Salt Lake City, Utah

Elder Health of Volusia                             November 2000
1555 Saxon Blvd., Suite 501                     to July 2001
Deltona, Florida

Island Medical Center                               April 2002
PO Box 504669 CK                                   to Present
Saipan, MP 96950

**Certification**

NBME Part I:  June 1990
NBME Part II:  September 1991
NBME Part III:  May 1993
Board Certified Family Practice 1995

# TORRES BROTHERS, LLC.

### ATTORNEYS AT LAW

BANK OF GUAM BUILDING, THIRD FLOOR
P.O. BOX 501856
SAIPAN, MP 96950
TEL.: (670) 233-5504/6  FAX: (670) 233-5510

Victorino DLG. Torres, Esq.
Joaquin DLG. Torres, Esq.
Vincent DLG. Torres, Esq.

April 4, 2006

John D. Osborne
CarlSmith Ball LLP
P. O. Box 5241
Saipan, MP 96590
Tel: (67) 322-3455

Re:     *Takahashi v. Maeda: Civil Action No. CV 05-0026*

Dear John:

The name of the Doctor that will be testifying at our expert witness is:

    H. Christine Brown, MD
    P. O. Box 504669
    Saipan, MP 96950

Dr. Brown works at Island Medical Center.  As I informed you over the phone, I cannot comply with Rule 26 (b) (4) (A) (i) at this point because Dr. Brown has not been able to meet with the plaintiff.  The plaintiff is expected on the 10th of April, 2006 and Dr. Brown will meet with him immediately thereafter.  My office will provide you a copy of her report as soon as we get it from Dr. Brown.

Thank you for your time and cooperation in this matter.  Please advise if there is anything else that you want or need.

Si Yu'us Ma'ase,

Joaquin DLG. Torres
Attorney for T. Takahashi

RECEIVED
CARLSMITH BALL LLP
ATTORNEYS AT LAW
DATE: 4-04-06   TIME: 3:46 pm
BY: _____

**EXHIBIT**
**A**

May 02 06 08:13a
May 01 20 05:13p    Mi...onesian Health Corp    67...  35-8370

Case 1:05-cv-00026    Document 67    Filed 05/16/2006    Page 15 of 21

2335510

p.2
p.2



**MICRONESIAN HEALTH CORPORATION**
## Island Medical Center
*Your NEW Family Care Center*

PO Box 504669 CK, Saipan, MP, 96950 * Phone: 670-235-8880 * Fax: 670-235-8370 * email: imc@pticom.com

April 21, 2006

Re: **Toshihiro Takahashi**          DOB: **July 8, 1946**

1. Name and Qualifications of Expert Witness

    H. Christine Brown, M.D.

    Medical Training:
    Residency: University of Cincinnati Family Practice Residency Training
    Program, 1992-1995.
    Medical School: University of South Florida, College of Medicine, 1992.

    Medical Experience
    Medical Director Island Medical Center, Saipan, MP, 2002 to present.
    Physician, Elder Health of Volusia, 2001.
    Locum Tenens Physician, Queensland, Australia, 2000.
    Physician, Hendry Regional Medical Center, Clewiston, Florida 1995-
    1999.

2. Data or other Information Considered by Expert in Forming Opinion.

    A. Interview and examination of Mr. Toshihiro Takahashi on April 19,
    2006.

    B. Medical records from Pacific Medical Center from March 18, 2005.

    C. Records of treatment at Murao Clinic March 22, 2005 to April 1, 2006.

    D. Medical records from Saipan Health Center, Mr. John Pangelinan from
    March 18, 2005.

    E. Evaluation of right hand X-ray from Saipan Health Center from May 27,
    2005.

    F. Medical records from Medical Associates of the Pacific, Dr. Norma
    Ada, from September 12, 2005.



EXHIBIT
**B**

G. Receipts and Medical Certification, Dr Sakaru Suzu Osteopath Clinic, April 5 through March 2006.

H. Deposition of Toshihiro Takahashi Taken on April 12, 2006.

I. Pictures of Injury and location.

3. Complete statement of all opinions to be expressed:

A. Injury to right shin, right shoulder, and right second finger were caused by the fall which occurred on or about March 17, 2005.

B. Injury to the right shin is healed, with a permanent scar remaining.

C. Injury to the right shoulder is healed, with no scar.

D. Injury to the right second finger has persisted for over one year. It has remained swollen and the client continues to have pain and a shock sensation through the finger. He also has pain when flexing the finger at the MCP joint and is unable to fully flex the finger. The client has been receiving treatment from Japan but this has not cured the injury. This treatment from the client's description is an "electromagnetic" treatment. There is a Certification from Dr. Suzu Taketoshi which recommends continued treatment.

I have seen the X-ray of the right second finger from May 27, 2005 which is negative for fractured bones.

On examining the patient and taking his history, my diagnosis is that this is an injury to the nerve in the client's finger and it is most likely permanent. As a general practitioner, I would defer this conclusion to a neurologist to determine the extent of the nerve injury and would recommend the patient visit a neurologist.

I am not aware of any neurologist here in the Commonwealth. The closest one is in Guam. Treatment on Guam would require more financial recourses and expenses than if the treatment were here in the Commonwealth.

4. The basis and reasons for the Opinions.

A. Injury to the right shin: Interview of the witness, visible inspection of the scar, and pictures taken shortly after the injury.

B. Injury to the right shoulder: Interview and examination of the witness, examination of the shoulder which shows no residual injury, and pictures taken shortly after the injury.

C. Injury to the right second finger: Interview and examination of the witness. The client continues to complain of nerve shock in the finger and tenderness and swelling at the base of the finger. Although the client has received treatment in Japan, it has not been cured. Records from Japan indicate that the patient needs continued treatment. My evaluation is that the client has a nerve injury to the right second finger which is most likely permanent.

Sincerely,

H. Christine Brown, MD
Medical Director
Island Medical Center

## *Curriculum Vitae*
## *H. Christine Brown*

### Current Address

PO Box 504669 CK
Saipan, MP 96950
Phone: (670) 235-8880
e-mail: hcbrown@yahoo.com

### Personal

Birth Date: August 29, 1959
Birth Place: Saiki, Japan
Marital Status: Single

### Residency

| | |
|---|---|
| University of Cincinnati<br>Family Medicine Residency Training Program<br>International Health Track<br>Cincinnati, Ohio | 1992 - 1995 |

### Medical Education

| | |
|---|---|
| University of South Florida<br>College of Medicine<br>Tampa, Florida<br>M.D., May 1992 | 1988 - 1992 |

### Undergraduate Education

| | |
|---|---|
| University of Central Florida<br>Orlando, Florida<br>B.S. in Biology, May 1998 | 1986 - 1988 |
| University of Central Florida<br>Orlando, Florida<br>B. S. in Respiratory Therapy, July 1982 | 1979 - 1982 |
| Stetson University<br>DeLand, Florida | 1978 - 1979 |
| Oral Roberts University<br>Tulsa, Oklahoma | 1977 – 1978 |

**Professional Experience**

| | |
|---|---|
| Hendry Family Care Center<br>500 West Sagamore Avenue<br>Clewiston, Florida 33440 | August 1995<br>to December 1999 |
| Locum Tenens in Queensland, Australia<br>Global Medical Staffing<br>Salt Lake City, Utah | January 2000<br>to September 2000 |
| Elder Health of Volusia<br>1555 Saxon Blvd., Suite 501<br>Deltona, Florida | November 2000<br>to July 2001 |
| Island Medical Center<br>PO Box 504669 CK<br>Saipan, MP 96950 | April 2002<br>to Present |

**Certification**

NBME Part I:  June 1990
NBME Part II:  September 1991
NBME Part III:  May 1993
Board Certified Family Practice 1995

CARLSMITH BALL LLP
Carlsmith Building, Capitol Hill
P.O. Box 5241
Saipan, MP 96950-5241
Tel No. 670.322.3455

Attorneys for Defendant
Maeda Pacific Corporation

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| TOSHIHIRO TAKAHASHI,<br><br>        Plaintiff,<br><br>   vs.<br><br>MAEDA PACIFIC CORPORATION,<br><br>        Defendant. | CIVIL ACTION NO. CV 05-0026<br><br><br>DECLARATION OF JOHN D. OSBORN |

I, John D. Osborn, declare:

1.    I am a partner in the Saipan office of Carlsmith Ball LLP, attorneys for Defendant Maeda Pacific Corporation. I have personal knowledge of the matters stated herein and would be competent to testify to same if called upon to do so.

2.    Attached hereto marked as Exhibits A-B respectively are true and correct copies of the following documents:

      Exhibit A:      Letter dated April 4, 2006 from counsel for
                               Plaintiff

      Exhibit B:      Report and Curriculum Vitae of Dr. H. Christine
                               Brown

4851-5311-3857.1.058671-00001

1        This declaration is made under penalty of perjury of the laws of the United States on

2    Saipan, Commonwealth of the Northern Mariana Islands this 16th day of May, 2006.

3

DATED: Saipan, MP, May 16, 2006.

4                                                       JOHN D. OSBORN