**ORIGINAL**

1  CARLSMITH BALL LLP
   Carlsmith Building, Capitol Hill
2  P.O. Box 5241
   Saipan, MP 96950-5241
3  Tel No. 670.322.3455

4  Attorneys for Defendant
   Maeda Pacific Corporation

FILED
Clerk
District Court

MAY 1 6 2006

For The Northern Mariana Islands
By_____
        (Deputy Clerk)

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| TOSHIHIRO TAKAHASHI, | CIVIL ACTION NO. CV 05-0026 |
|---|---|
| Plaintiff, | MOTION IN LIMINE TO EXCLUDE EVIDENCE OF MEDICAL TREATMENT, MEDICAL COSTS, AND MEDICAL RECORDS AND FINANCIAL LOSS; EXHIBITS A-F; DECLARATION OF JOHN D. OSBORN |
| vs. | |
| MAEDA PACIFIC CORPORATION, | |
| Defendant. | TRIAL DATE:   May 30, 2006<br>TIME:              9:00 a.m.<br>JUDGE:          Alex R. Munson |

Comes now the Defendant Maeda Pacific Corporation and moves the Court for an Order *In Limine* excluding the introduction of evidence and testimony concerning: (1) the medical treatment, and related costs, received by Plaintiff, Toshihiro Takahashi, in Japan; (2) cost of medical costs for treatment in Saipan; and (3) the financial loss allegedly sustained by Plaintiff.

This motion is supported by the Memorandum of Points and Authorities attached hereto, the declaration of John D. Osborn, the attached exhibits, the pleadings filed herein and such additional evidence as may be produced at argument on the motion.

CARLSMITH BALL LLP

DATED: Saipan, MP, May 16, 2006.

JOHN D. OSBORN
Attorneys for Defendant
Maeda Pacific Corporation

4844-4519-3985.1.058671-00001

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   Background:

1.   On August 9, 2005, this action was removed from the CNMI Superior Court to this Court. The Complaint alleges that the Plaintiff suffered personal injury, including financial loss, due to the alleged negligence of the Defendant.

2.   Pursuant to the Court's Case Management Order of September 2, 2005, the Court Ordered that all Discovery shall be served by December 31, 2005, and that all discovery motions shall be filed on or before March 2, 2006. The Court further Ordered that Plaintiff provide his expert disclosure and report by March 1, 2006, and that all expert discovery shall be completed by April 12, 2006. The parties informally agreed to the extension of the discovery cut off date.

3.   On August 26, 2005, Defendant's First Set of Interrogatories were served on Plaintiff.

4.   On November 2, 2005, Plaintiff provided his initial response to Defendant's First Set of Interrogatories. A copy of the Interrogatories and Response are attached as Exhibits A and A1.[1] Specific Interrogatories, including Response and Supplemental Response, concerning medical treatment and expenses and economic matters are referenced infra.

5.   On November 2, 2005 counsel for Defendant sent a letter to counsel for Plaintiff pursuant to F.R.C.P. 37 regarding Plaintiff's answers to certain interrogatories. A copy of such letter is attached hereto marked as Exhibit B. A meeting between counsel occurred and on November 10, 2005, counsel for the Defendant memorialized an understanding with Plaintiff to provide additional responses to disputed discovery responses. A copy of that letter is attached as Exhibit C.

6.   On November 21, 2005, Plaintiff served his Supplemental Response to the Defendant's First Set of Interrogatories. A copy of the Supplemental Response is attached as Exhibit D.

---

[1] Pursuant to the Court's Case Management Scheduling Order, Defendant includes only that portion of the Interrogatories and Responses and Supplemental Response which are in issue.

4844-4519-3985.1.058671-00001                              -2.-

7. On February 16, 2006, Defendant served its First Request for Production of Documents on Plaintiff. A copy of the First Request for Production of Documents and Plaintiff's Response are attached as Exhibits E and E1.[2] Specific requests related to medical treatment, costs, and economic loss are referenced infra.

8. At the Settlement Conference held by the Court on March 22, 2006 the Court ordered Plaintiff to provide Defendant copies of Plaintiff's Japanese medical records with an English translation to further supplement his response to Interrogatory No. 42 and to provide Defendant with Plaintiff's responses to Defendant's Request For Production of Documents no later than April 1, 2006. A copy of the Court's Order is attached hereto marked as Exhibit F.

9. In response to the Court's Order of March 22, 2006 the Plaintiff provided the following on April 4, 2006.

    (a) document entitled "Diagnosis" from Murao Clinic; an English translation was provided.

    (b) a document entitled "Diagnosis" from Sakura Suzu Osteopath Clinic; an English translation was provided.

    (c) Various receipts; an English translation was provided.

No other Japanese medical records were provided at that time. On April 12, 2006 Plaintiff provided a document entitled "Medical Certification" from Suzu Taketoshi; an English translation was provided. Additionally, various Japanese language documents without an English translation were provided. No other documents responsive to Defendant's First Request For Production of Documents have been provided.

10. The documents purporting to respond to the request for medical services in Japan are non-responsive in that they fail to disclose or discuss any medical treatment or medical service provided to Plaintiff and other than the documents entitled "Diagnosis" and "Medical Certification" appear to be merely invoices without further explanation.

---

[2] Pursuant to the Court's Case Management Scheduling Order, Defendant includes only that part of the Request For Production and Response which are in issue.

4844-4519-3985.1.058671-00001                                -3.-


II.  **Federal Rules of Procedure Require The Exclusion of Testimony and Evidence as Plaintiff Failed to Produce Discovery**

The Federal Rules of Civil Procedure are intended "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1 (1993). A party to a civil proceeding in federal district court is under a duty to timely correct and/or supplement his initial and pretrial disclosures. Fed. R. Civ. P. 26(e)(1) (2000). "[T]he litigants should not indulge in gamesmanship with respect to the disclosure obligations." *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936 n. 3 (9th Cir. 1994) (*citing* Fed. R. Civ. P. 25 advisory committee's note). The failure to comply with disclosure requirements triggers automatic sanctions under Rule 37(c)(1): A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing or on a motion any witness or information not so disclosed. Fed. R. Civ. P. 37(c)(1) (2000).

The penalty for failing to comply with disclosure requirements is "self-executing" and "automatic". Fed. R. Civ. P. 37(a) advisory committee's note. FRCP Rule 26(e) does not require that a discovery order be violated before sanctions can be imposed. This Court has "inherent power to discipline breaches of Fed. R. Civ. P., Rule 26(e), even in the absence of a court order", including the sanction of excluding the evidence. *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980); 6 MOORE'S FEDERAL PRACTICE, § 26.132[6] (footnotes omitted). Thus, a motion to compel compliance with the discovery rules does not need to be filed before the exclusion sanction can be imposed. A party may secure exclusion of evidence produced in violation of FRCP Rule 37(c)(1) through a *motion in limine*. *Paradigm Sales, Inc. v. Weber Mktg. Systems, Inc.*, 880 F. Supp. 1247, 1255-56 (N.D.Ind. 1995).

In determining whether the court should properly exclude undisclosed evidence, including both testimonial and documentary evidence, the following five factors should be considered: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

1  *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997) (*citing Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990)); *see also Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997).

The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. *Wandere*, 910 F.2d at 656. Thus, the key factors are the risk of prejudice and the availability of lesser sanctions. *Id*. A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d at 1406, 1412 (9th Cir. 1990); *see also Payne*, 121 F.3d at 508 (holding that the "last-minute tender of documents does not cure the prejudice to opponents nor does it restore to other litigants on a crowded docket the opportunity to use the courts").

A.  <u>Plaintiff's Failure to Comply with the Court's Court Order to Produce Medical Records from Japan is Prejudicial and Any Evidence and Testimony Should be Excluded.</u>

Defendant propounded the following Interrogatories and Document Production Request to Plaintiff concerning medical injuries, treatment and costs. For the Court's convenience, Plaintiff's response and supplemental responses are provided.

1.  <u>Defendant's First Set of Interrogatories to Plaintiff</u>

**INTERROGATORY NO. 17:**

State the name and address of all doctors, physicians and healthcare providers which Plaintiff has seen for any injury sustained by Plaintiff in the occurrence.

<u>Response</u>:    Plaintiff objects on the basis that it seeks for information not discoverable and not appropriate through interrogatories. It further seeks for matters appropriate for request for production. The medical records and billings speak for themselves and they will be provided upon request.

<u>Supplemental Response</u>:

      1.    Dr. Ada whose place of business is near Bank of Hawaii Building in Puerto Rico. The time of visit cannot be recalled but it was a couple months after the incident. The purpose of the visitation was to get treatment and consultation for the right index finger which continued to cause pain and suffering. The swelling continued. The specific treatment cannot be recalled.

      2.    Pacific Medical Center. The time of visit was probably a day after the incident. The purpose of the visit was for treatment on the multiple injuries suffered by the incident. The specific treatment cannot be recalled.

      3.    Saipan Health Clinic. The time of cannot be recalled but it was probably a couple months after the incident. The purpose of the visitation was to get treatment and consultation for

the right index finger which continued to cause pain and suffering. The swelling continued. The specific treatment cannot be recalled.

The medical records and billings should further indicate the address of these clinics and practitioners. Plaintiff will provide a medical authorization release form for the above medical practitioners and clinic.

**INTERROGATORY NO. 18:**

As to each doctor, physician or healthcare provider identified in the preceding interrogatory, state:

    a)    The date(s) on which Plaintiff saw such doctor, physician, or healthcare provider;

    b)    the reason for seeing such doctor, physician or healthcare provider; and

    c)    the treatment, if any, rendered by such doctor, physician or healthcare provider on each date.

Response:   Please refer to medical records and billings.

Supplemental Response:   Please refer to response to # 17.

**INTERROGATORY NO. 21:**

State the total and itemize by provider, the amount of medical expenses incurred to date by Plaintiff as a result of the occurrence.

Response: Plaintiff objects on the basis that it seeks for information not discoverable and not appropriate through interrogatories. It further seeks for matters appropriate for request for production. The medical records and billings speak for themselves and they will be provided upon request.

Supplemental Response: Plaintiff does not know the total amount of medical expenses incurred to date but once the total expenses is determined, they will be provided. Additionally, the medical records and billing speak for themselves and they will be provided upon request.

**INTERROGATORY NO. 22:**

State the name and address of each hospital, clinic or other medical facility in which Plaintiff has been examined or received treatment since the date of the occurrence, and the date(s) of each examination or treatment at each identified hospital, clinic or other medical facility.

Response:   Plaintiff objects on the basis that it seeks for information not discoverable and not appropriate through interrogatories. It further seeks for matters appropriate for request for production. The medical records and billings speak for themselves and they will be provided upon request.

Supplemental Response: Please refer to response to #17.

2. <u>Defendant's First Request For Production of Documents to Plaintiff</u>

**REQUEST FOR PRODUCTION NO. 1:**

Copies of reports of doctors, medical practitioners and health care providers related to the examination, care and treatment of Plaintiff for any injury he sustained in the accident which is the subject of this lawsuit.

**REQUEST FOR PRODUCTION NO. 2:**

Copies of medical bills for the care and treatment of Plaintiff which were incurred as a result of the accident in question, including but not limited to expenses for medical advise, treatment, x-rays, pharmaceuticals, and mental anguish.

**REQUEST FOR PRODUCTION NO. 8:**

A copy of all documents referred to in preparation of your answers to Defendant's First Set of Interrogatories to Plaintiff and your supplemental responses to such interrogatories.

As of the initial Settlement Conference of March 22, 2006 Plaintiff had provided an incomplete answer to a specific interrogatory and had not responded to Defendant's Request For Production. Accordingly, at Defendant's request the Court ordered Plaintiff to answer Interrogatory No. 42 fully, to produce the Japanese medical records with an English translation and to respond to Defendant's First Request For Production of Document. (See Court's Order of March 22, 2006. Exh. F) Counsel for Plaintiff was advised that failure to provide responsive discovery could result in any evidence on the issues in question being excluded at trial.

The Plaintiff's failure to comply with the Court Order to provide medical records from Japan or to quantify total medical costs is prejudicial to Defendant and the only proper remedy is the exclusion of such testimony and evidence concerning alleged medical treatment and cost thereof rendered in Japan.

Despite Defendant's specific discovery request for such records and, more importantly, the direct Order of the Court, Plaintiff failed to provide responsive discovery concerning alleged medical treatment and associated costs in the Japan. To highlight the disregard to provide discovery, it is worth noting that Plaintiff initially objected to providing any medical information

as "not discoverable and not appropriate through interrogatories." (Plaintiff's Response to Interrogatory No. 17). No legal basis is provided for the objection. It is unclear how Plaintiff can request the Court to impose damages for medical services yet fail to provide any documents supporting the claim by asserting this clearly frivolous objection.

The information submitted in response on medical treatment in Japan pursuant to the Court's Order contains no credible information responsive to the discovery request concerning the scope of alleged injury and medical treatment received. At best the documents can only be summarized as invoices for unspecified services and it would be prejudicial to the defense to allow Plaintiff to submit testimony and evidence of such costs without properly responding to the propounded discovery.

The provided records do not indicate what medical treatment was provided, the scope of the alleged injury or its alleged continuing nature. The inadequacy of the response, which was entirely controlled by Plaintiff, now results in extreme prejudice to the Defendant because it is unable to determine or scrutinize the extent of injury, the treatment provided or the permanency of the injury that Plaintiff now claims as the basis for his cause of action.

To allow the Plaintiff to testify that he received unknown medical treatment in Japan, without the Defendant's ability to effectively determine the nature of the treatment, why it was provided and the alleged continuing affects of the injury would be clearly prejudicial to the Defense. Such testimony would imply to the jury that the nature of the alleged injury was/is continuing in nature even though Plaintiff has effectively denied Defendant any opportunity to evaluate such records, depose the witness providing the services or effectively cross examine Plaintiff's testimony concerning these treatments and costs.

Further with respect to total medical costs, Plaintiff has failed to provide any calculations of medical costs as indicated in its Supplemental Response to No. 21 and has provided no information concerning the cost of medical services provided in the Commonwealth as only limited medical information has been provided. At this point Defendant can only guess what type of evidence will be offered to demonstrate the alleged medical billings or how much those billings may be.

On the eve of trial there is no cure for Plaintiff's failure to comply with the Court's Order and its continuing obligation to respond to Defendant's discovery request. Moreover, even if the information were immediately provided, there is insufficient time for effective preparation for use at trial and such prejudice is the direct result of Plaintiff's failure to follow well established discovery principles and provide the information it said it was going to, and obligated to, provide.

Having deliberately chosen to not comply with the Court's Order and comply with his continuing discovery obligations, the only proper remedy for the Court to impose is exclusion of any testimony or evidence concerning medical treatment or costs provided in Japan and the exclusion of testimony and evidence concerning medical billings in the CNMI.

B.   Plaintiff's Failure to Provide Discovery Concerning Economic Loss is Prejudicial and Any Testimony or Injury Concerning Economic Loss Should be Excluded.

Plaintiff alleges damages for financial loss resulting from his injury. With respect to Plaintiff's claim for economic damages, Defendant propounded several Interrogatories and Requests for the Production of Documents. The specific Interrogatories with response and supplement response, if any, are as follows.

1.   Defendant's First Set of Interrogatories to Plaintiff

**INTERROGATORY NO. 32**:

If you have suffered any financial loss as a result of the occurrence, state each amount, itemizing all such losses including loss in wages, salary, or business.

Response:   The financial loss have not been calculated at this time but once they are available, it will be made available.

**INTERROGATORY NO. 33**:

If as a result of the occurrence you lost any time from any occupation or employment, state:

    a)   The name and address of your employer;

    b)   the dates on which you lost any time from any occupation or employment;

    c)   the average weekly income received by you from your work as of the date of the occurrence; and

d)   the amount of income you claim you lost as a result of the occurrence.

Response:   Plaintiff is a business man. The exact lost of income is not available at this time.

**INTERROGATORY NO. 34:**

If you are claiming any loss of future earning capacity and/or diminished earning capacity, state:

a)   The factual basis for such claimed loss of future earning and/or diminished earning capacity; and

b)   the amount you claim for loss of future earning capacity and/or diminished earning capacity.

Response: Plaintiff objects on the bases (sic) of vagueness and incomprehensibility. Plaintiff has suffered permanent injury to his finger. This injury of course affects his physical condition. The exact amount of loss for future earning capacity is difficult to determine but if the exact number is determined, it will be provided.

Supplemental Response: Plaintiff objects on the bases (sic) of vagueness and incomprehensibility. Plaintiff has suffered permanent injury to his finger. This injury of course affects his physical condition. The exact amount of loss for future earning capacity is difficult to determine but if the exact number is determined, it will be provided.

For every visit Plaintiff takes to health clinic or practitioners, he is taken away from his business time. Additionally, the pain on right index finger has been excruciating and often feels like it gets electric shock when the finger is used or suddenly touched and when this occurs, he is cannot attend business affairs.

During the first couple of weeks from the incident, Plaintiff was almost completely absent from his business affairs because the pain and suffering were extreme. As time went on, the other injuries such as the shoulder and shin slowly healed. However, the right index finger continues to be swollen and pain exists.

**INTERROGATORY NO. 35:**

State your current employer, your job title and current wages or salary.

Response: Businessman and earns about $20,000 month.

Supplemental Response: None.

2.   Defendant's First Request For Production of Documents to Plaintiff

**REQUEST FOR PRODUCTION NO. 9:**

A copy of all documents which support Plaintiff's claim of financial loss.

Response: Objection as to vagueness of the request. In the spirit of cooperation, there are no additional documents, at this time, which have not been provided which supports Plaintiff's claim

of financial loss.

**REQUEST FOR PRODUCTION NO. 10:**

A copy of all documents which support Plaintiff's claim of lost income as referred to in Plaintiff's answer to Interrogatory No. 33 of Defendant's First Set of Interrogatories to Plaintiff.

Response: This Request is vague and confusing. Plaintiff is not an employee but a businessman. The income tax should be indicative of his earnings. Should there be additional documents that support the responses, they will be provided. At this time, there is not that is specific to this request.

**REQUEST FOR PRODUCTION NO. 11:**

A copy of all documents which support Plaintiff's claim of loss of future earnings and/or diminished earning capacity as referred to in Plaintiff's answer to Interrogatory No. 34 of Defendant's First Set of Interrogatory to Plaintiff.

Response: This request is vague and over broad. The medical records are documents as well as income taxes. There is no document which calculates Plaintiff's loss of future earnings or diminished earning capacity other than the implication and inferences of the medical records and income taxes and other documents which have been provided.

Although Plaintiff seeks recovery of damages for alleged economic losses, Plaintiff has failed to provide any calculations of such loss and has failed to provide any responsive information to either the specific Interrogatories or Document Production Requests. In Request For Production Nos 9, 10 and 11 the Plaintiff was requested to provide information relating to his claim for economic losses and specifically was requested to quantify such losses. Despite the straightforward nature of the question, Plaintiff incredulously objected to the request as vague and failed to provide any responsive information to quantify such losses. Further, Plaintiff has disregarded the Court's Order of March 22, 2006.

Again, Plaintiff represented in discovery that calculations concerning economic losses would be provided when they become available. As the literal eve of trial approaches, Plaintiff has failed to produce any document responsive to the request or any calculation or information relative to his claim for financial loss. The failure to provide this information is clearly prejudicial to the Defendant as it precludes any cross examination and scrutiny by the defense of the alleged damage claim. There is no cure for the failure to timely provide what he said he was

1  going to provide and that which he is required to provide. Accordingly, the Court should
2  exclude any testimony or evidence concerning Defendant's claim for financial loss.

### CONCLUSION

Because of Plaintiff's failure to comply the Court's Order to Produce Discovery and his failure to provide discovery in conformity with the Federal Rules of Civil Procedure, Defendant respectfully requests due to Plaintiff's failure to respond to Court Order and Defendant's discovery requests that the Court grant this *Motion in Limine* to exclude the introduction of evidence and testimony concerning: (1) the medical treatment, and related costs, received by Plaintiff, Toshihiro Takahashi, in Japan, (2) cost of medical costs for treatment in Saipan, (3) the financial loss allegedly sustained by Plaintiff.

DATED: Saipan, MP, May 16, 2006.

CARLSMITH BALL LLP

_____
JOHN D. OSBORN
Attorneys for Defendant
Maeda Pacific Corporation