1 | CARLSMITH BALL LLP
2 | Carlsmith Building, Capitol Hill
  | P.O. Box 5241
3 | Saipan, MP 96950-5241
  | Tel No. 670.322.3455
4 |
5 | Attorneys for Defendant
  | Maeda Pacific Corporation
6 |
7 |
8 | UNITED STATES DISTRICT COURT
9 | FOR THE
  | NORTHERN MARIANA ISLANDS
10 |
11 |

TOSHIHIRO TAKAHASHI,

      Plaintiff,

    vs.

MAEDA PACIFIC CORPORATION,

      Defendant.

CIVIL ACTION NO. CV 05-0026

**DEFENDANT MAEDA PACIFIC CORPORATION'S FIRST SET OF INTERROGATORIES TO PLAINTIFF TOSHIHIRO TAKAHASHI**

TO:   'TOSHIHIRO TAKAHASHI
       and his attorney

Defendant MAEDA PACIFIC CORPORATION requests that Plaintiff TOSHIHIRO

TAKAHASHI answer under oath the attached interrogatories. Answers to the interrogatories

must be served upon the undersigned within thirty (30) days after the service of these

interrogatories on you. It is requested that you provide two (2) copies of the answers.

These interrogatories are continuing, pursuant to FRCP 26(e), so as to require supplemental

answers if you obtain or recall further information between the time the answers are served and

the time of trial.

4822-2900-7360.1.058671-00001

EXHIBIT

A

**INTERROGATORY NO. 17:**

State the name and address of all doctors, physicians and healthcare providers which Plaintiff has

seen for any injury sustained by Plaintiff in the occurrence.

**RESPONSE 17:**

**INTERROGATORY NO. 18:**

As to each doctor, physician or healthcare provider identified in the preceding interrogatory,

state:

      a)  The date(s) on which Plaintiff saw such doctor, physician, or healthcare provider;

      b)  the reason for seeing such doctor, physician or healthcare provider; and

      c)  the treatment, if any, rendered by such doctor, physician or healthcare provider on

each date.

**RESPONSE 18:**

**INTERROGATORY NO. 19:**

State the name and address of all doctors, physicians and healthcare providers which Plaintiff has

seen for any reason for the period of time January 1, 2000 to the date of the occurrence.

**RESPONSE 19:**

1    **INTERROGATORY NO. 20**:

2    As to each doctor, physician or healthcare provider identified in the preceding interrogatory,

3    state:

4           a)  The date(s) on which Plaintiff saw such doctor, physician or healthcare provider;

5           b)  the reason for seeing such doctor, physician or healthcare provider on each occasion;

6    and

7           c) the treatment, if any, rendered by such doctor, physician or healthcare provider on each

8    date.

9    **RESPONSE 20**:

10

11

12

13

14   **INTERROGATORY NO. 21**:

15   State the total and itemize by provider, the amount of medical expenses incurred to date by

16   Plaintiff as a result of the occurrence.

17   **RESPONSE NO. 21**:

18

19

20

21

22   **INTERROGATORY NO. 22**:

23   State the name and address of each hospital, clinic or other medical facility in which Plaintiff has

24   been examined or received treatment since the date of the occurrence, and the date(s) of each

25   examination or treatment at each identified hospital, clinic or other medical facility.

26   **RESPONSE NO. 22**:

27

28

1  **RESPONSE NO. 29**:

2

3

4

5

6  **INTERROGATORY NO. 30**:

7  If the answer to the preceding interrogatory is in the affirmative, state:

8      a)  The number of photographs;

9      b)  a description of objects or scenes depicted by the photographs; and

10      c)  the present custodian of such photographs.

11  **RESPONSE NO. 30**:

12

13

14

15

16  **INTERROGATORY NO. 31**:

17  Does Plaintiff have any permanent injuries as a result of the occurrence, and if so, state the

18  nature and extent of such permanent injuries to the best of your knowledge?

19  **RESPONSE NO 31**:

20

21

22

23

24  **INTERROGATORY NO. 32**:

25  If you have suffered any financial loss as a result of the occurrence, state each amount, itemizing

26  all such losses including loss in wages, salary, or business.

27  **RESPONSE NO. 32**:

28

1

2

3

4 **INTERROGATORY NO. 33**:

5 If as a result of the occurrence you lost any time from any occupation or employment, state:

6      a) The name and address of your employer;

7      b) the dates on which you lost any time from any occupation or employment;

8      c) the average weekly income received by you from your work as of the date of the

9 occurrence; and

10      d) the amount of income you claim you lost as a result of the occurrence.

11 **RESPONSE NO. 33**:

12

13

14

15

16 **INTERROGATORY NO. 34**:

17 If you are claiming any loss of future earning capacity and/or diminished earning capacity, state:

18      a) The factual basis for such claimed loss of future earning and/or diminished earning

19 capacity; and

20      b) the amount you claim for loss of future earning capacity and/or diminished earning

21 capacity.

22 **RESPONSE NO. 34**:

23

24

25

26

27 **INTERROGATORY NO. 35**:

28 State your current employer, your job title and current wages or salary.

**TORRES BROTHERS & FLORES, LLC.**
VICTORINO DLG. TORRES, ESQ.
Attorneys at Law
P.O. Box 501856
Saipan, MP 96950
Bank of Guam Bld. 3rd Flr.
Tel.: (670) 233-5506
Fax: (670) 233-5510
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
### FOR THE
### NORTHERN MARIANA ISLANDS

| | |
|---|---|
| TOSHIHIRO TAKAHASHI,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MAEDA PACIFIC CORPORATION,<br><br>　　　　Defendant. | CIVIL ACTION NO. <u>CV 05-0026</u><br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES** |

Plaintiff hereby answers and objects to Defendant's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

Plaintiff objects to several questions requiring Plaintiff to provide information appropriate through request for production and on the basis that it seeks for information not discoverable through interrogatories. But, in the spirit of cooperation, the medical records and billings will be provided upon request.

### SPECIFIC RESPONSE AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1**

State as accurately as you are able the date and time of the allege occurrence ("occurrence") which is subject to your lawsuit.

**RESPONSE 1:**

EXHIBIT
**A-1**

COPY

**RESPONSE 16:**

Yes, eye glasses.

**INTERROGATORY NO. 17:**

State the name and address of all doctors, physicians and healthcare providers which Plaintiff has seen for any injury sustained by Plaintiff in the occurrence.

**RESPONSE 17:**

Plaintiff objects on the basis that it seeks for information not discoverable and not appropriate through interrogatories. It further seeks for matters appropriate for request for production. The medical records and billings speak for themselves and they will be provided upon request.

**INTERROGATORY NO. 18:**

As to each doctor, physician or healthcare provider identified in the preceding interrogatory, state:

a) The date(s) on which Plaintiff saw such doctor, physician, or healthcare provider;

b) the reason for seeing such doctor, physician or healthcare provider; and

c) the treatment, if any, rendered by such doctor, physician or healthcare provider on each date.

**RESPONSE 18:**

Please refer to medical records and billings.

**INTERROGATORY NO. 19:**

State the name and address of all doctors, physicians and healthcare providers which Plaintiff has seen for any reason for the period of time January 1, 2000 to the date of the occurrence.

**RESPONSE 19:**

1    Plaintiff objects on the basis that it seeks for information not discoverable and not
2 appropriate through interrogatories.  It further seeks for matters appropriate for request for
3 production.  The medical records and billings speak for themselves and they will be provided
4 upon request.

5

6 **INTERROGATORY NO. 20:**

7    As to each doctor, physician or healthcare provider identified in the preceding
8 interrogatory, state:

9    a) The date(s) on which Plaintiff saw such doctor, physician or healthcare provider;

10   b) the reason for seeing such doctor, physician or healthcare provider on each occasion;
11 and

12   c) the treatment, if any, rendered by such doctor, physician or healthcare provider on each
13 date.

14

15 **RESPONSE 20:**

16 N/A

17

18 **INTERROGATORY NO. 21:**

19   State the total and itemize by provider, the amount of medical expenses incurred to date by
20 Plaintiff as a result of the occurrence.

21 **RESPONSE NO. 21:**

22    Plaintiff objects on the basis that it seeks for information not discoverable and not
23 appropriate through interrogatories.  It further seeks for matters appropriate for request for
24 production.  The medical records and billings speak for themselves and they will be provided
25 upon request.

26

27 **INTERROGATORY NO. 22:**

28

1    State the name and address of each hospital, clinic or other medical facility in which

2  Plaintiff has been examined or received treatment since the date of the occurrence, and the

3  date(s) of each examination or treatment at each identified hospital, clinic or medical facility.

4  **RESPONSE 22:**

5    Plaintiff objects on the basis that it seeks for information not discoverable and not appropriate

6  through interrogatories.  It further seeks for matters appropriate for request for production.  The

7  medical records and billings speak for themselves and they will be provided upon request.

8

9  **INTERROGATORY NO. 23:**

10   Describe in your own words, in detail, how the occurrence happened.

11

12 **RESPONSE 23:**

13   Mr. Ada and myself were working on the Remington billboard located at the front southern

14 end of the establishment.  When I walked over to ask Mr. Ada if he could ask the backhoe

15 operator if he could scrape up the debris for the southern parking, I tripped on the pipe, which

16 scraped the front portion of my right leg, particularly my shin, above my ankle and then I fell

17 hard right onto the concrete pathway.

18

19 **INTERROGATORY NO. 24:**

20   State the name and address of every person known to Plaintiff's agents, representatives or

21 attorneys who witnessed the occurrence.

22

23 **RESPONSE 24:**

24   Mr. Keith C. Ada

25   Box 501235 CK

26   Cell. # 285-3274

27

28   Mr. Linus Mizutani

1    the nature and extent of such permanent injuries to the best of your knowledge?

2

3    **RESPONSE NO. 31:**

4        Plaintiff has suffered injuries which continue to affect his physical condition.  The permanent

5    injury which Plaintiff suffers is the right index finger.

6

7    **INTERROGATORY NO. 32:**

8        If you have suffered any financial loss as a result of the occurrence, state each amount, itemizing

9    all such losses including loss in wages, salary, or business.

10

11   **RESPONSE NO. 32:**

12       The financial loss have not been calculated at this time but once they are available, it will be

13   made available.

14

15   **INTERROGATORY NO. 33:**

16       If as a result of the occurrence you lost any time from any occupation employment, state:

17       a)   The name and address of your employer;

18       b)   the dates on which you lost any time from any occupation or employment;

19       c)   the average weekly income received by you from your work as of the date of the

20            occurrence; and

21       d)   the amount of income you claim you lost as a result of the occurrence.

22

23   **RESPONSE NO. 33:**

24       Plaintiff is a business man.  The exact lost of income is not available at this time.

25

26   **INTERROGATORY NO. 34:**

27       If you are claiming any loss of future earning capacity and/or diminished earning capacity,

28   state:

1    a) The factual basis for such claimed loss of future earning and/or diminished earning

2  capacity; and

3    b) the amount you claim for loss of future earning capacity and/or diminished earning

4  capacity.

5

6  **RESPONSE NO. 34:**

7    Plaintiff objects on the bases of vagueness and incomprehensibility.  Plaintiff has suffered

8  permanent injury to his finger.  This injury of course affects his physical condition.  The exact

9  amount of loss for future earning capacity is difficult to determine but if the exact number is

10  determined, it will be provided.

11

12  **INTERROGATORY NO. 35:**

13  State your current employer, your job title and current wages or salary.

14

15  **RESPONSE NO. 35:**

16  Businessman and earns about $20,000.00 monthly.

17

18  **INTERROGATORY NO. 36:**

19    Has Plaintiff ever been involved in any type of accident prior to the date of the occurrence?

20  **RESPONSE NO. 36:**

21  No.

22

23  **INTERROGATORY NO. 37:**

24    If the answer to the preceding interrogatory is in the affirmative, state the date and

25  location of any such accident(s) and give a brief description of each accident.

26  **RESPONSE NO. 37:**

27  N/A.

28

# CARLSMITH BALL LLP

A LIMITED LIABILITY LAW PARTNERSHIP

CARLSMITH BUILDING, CAPITOL HILL
P.O. BOX 5241
SAIPAN, MP 96950-5241
TELEPHONE 670.322.3455  FAX 670.322.3368
WWW.CARLSMITH.COM

DIRECT DIAL NO.                    JOSBORN@CARLSMITH.COM                    OUR REFERENCE NO.:
                                                                          058671-00001

November 2, 2005

**VIA U.S. MAIL AND FACSIMILE**

Victorino DLG Torres
Torres Brothers & Flores, LLC
P.O. Box 501856
Bank of Guam Bldg., Third Floor
Saipan, MP 96950

      Re:    <u>Takahashi v. Maeda Pacific</u>

Dear Vic:

      This will acknowledge receipt of the responses to interrogatories provided by Plaintiff. Please consider this letter as a request to meet and confer pursuant to our District Court Local Rules and F.R.C.P. 37. I believe some of the objections are not well founded and that some of the answers are either incomplete or non-responsive. This letter is being given as a prerequisite to a Motion to Compel if we are unable to resolve the matters listed below.

      In particular I believe the objections to the following interrogatories are not well-founded: Interrogatory Nos. 17, 19, 21, 22, 34, and 42. I believe the answers to the following interrogatories are either incomplete or non-responsive: Interrogatory Nos. 2, 15, 18, and 20.

      Please advise me of a convenient date, time and location so we can meet and confer regarding the above matters. I am available anytime except Friday morning November 4th, Monday morning November 7th, or Wednesday morning November 9th. We can meet at your office or my office, whichever you prefer. Please advise me by Friday November 4, 2005 of the date time and location for us to meet. I look forward to your response.

      Sincerely,

John D. Osborn



EXHIBIT
**B**

JDO/osa
4818-6240-1536.1.058671-00001

HONOLULU  ·  KAPOLEI  ·  HILO  ·  KONA  ·  MAUI  ·  GUAM  ·  SAIPAN  ·  LOS ANGELES

FILE

# CARLSMITH BALL LLP

A LIMITED LIABILITY LAW PARTNERSHIP

CARLSMITH BUILDING, CAPITOL HILL
P.O. BOX 5241
SAIPAN, MP 96950-5241
TELEPHONE 670.322.3455   FAX 670.322.3368
WWW.CARLSMITH.COM

DIRECT DIAL NO.                    JOSBORN@CARLSMITH.COM                    OUR REFERENCE NO.:
                                                                           058671-00001

November 10, 2005

**VIA U.S. MAIL AND FACSIMILE**

Victorino DLG Torres
Torres Brothers & Flores, LLC
P.O. Box 501856
Bank of Guam Bldg., Third Floor
Saipan, MP  96950

      Re:    <u>Takahashi v. Maeda Pacific</u>

Dear Vic:

      This letter will serve to confirm the agreements reached at our "meet and confer" session this morning on the interrogatory answers previously submitted.

      You have agreed to answer Interrogatories Nos. 17, 18, 19, 20, 21, 22, and 34 to the extent that information responsive to these interrogatories is available at this time.  Regarding Interrogatory No. 42, you are going to "revisit" your answer and then respond accordingly. Regarding Interrogatory No. 15, you will inquire of your client and respond to subsection (a); all I am looking for is a general condition, i.e. nearsighted, farsighted, etc.  I am satisfied with your response to Interrogatory No. 2 and no further response on that interrogatory will be needed.

      You advised your client is returning to Saipan on either November 10th or November 13th.  You will meet with him upon his return, have him execute the authorization for release of medical information, and respond further to the interrogatories by November 22, 2005.  Just a reminder, these further answers need to be under oath as with the original responses.

**EXHIBIT**

tabbies

**C**



Victorino DLG Torres
November 10, 2005
Page 2

If what I have set out herein is not in accord with your understanding, please let me know immediately.

Sincerely,

John D. Osborn

JDO/osa

cc:    Timothy Lujan, CSA
       Thomas J. Nielsen

4816-8702-7456.1.058671-00001

1   **TORRES BROTHERS & FLORES, LLC.**
    VICTORINO DLG. TORRES, ESQ.
2   Attorneys at Law
    P.O. Box 501856
3   Saipan, MP 96950
    Bank of Guam Bld. 3rd Flr.
4   Tel.: (670) 233-5506
    Fax: (670) 233-5510
5   *Attorneys for Plaintiff*

6

7                **UNITED STATES DISTRICT COURT**
                        **FOR THE**
8             **NORTHERN MARIANA ISLANDS**

9

| | | |
|---|---|---|
| **TOSHIHIRO TAKAHASHI,** | ) | **CIVIL ACTION NO. CV 05-0026** |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| | ) | **PLAINTIFF'S RESPONSE TO** |
|     **vs.** | ) | **DEFENDANT'S FIRST SET OF** |
| | ) | **INTERROGATORIES** |
| **MAEDA PACIFIC CORPORATION,** | ) | |
| | ) | |
|     **Defendant.** | ) | |

16       Plaintiff hereby supplements his response to Defendant's First Set of Interrogatories as

17 follows:

18

19                **SUPPLEMENTAL RESPONSES**
                   **INTERROGATORIES**
20

21 **INTERROGATORY NO. 15:**

22 If the answer to the preceding interrogatory is in the affirmative, state:

23       a) The condition of Plaintiff's eyes for which such eyeglasses or corrective lenses were

24 prescribed; and

25       b) the prescription at the time of the occurrence.

26 **RESPONSE 15:**

27     At the time of the accident, Plaintiff was wearing his eye glasses and his vision was good and

28 had no problem seeing correctly.  Plaintiff does not know the exact prescription at this time.

**EXHIBIT**

**0**

1

2  **INTERROGATORY NO. 17:**

3      State the name and address of all doctors, physicians and healthcare providers which

4  Plaintiff has seen for any injury sustained by Plaintiff in the occurrence.

5  **RESPONSE 17:**

6  1.    Dr. Ada whose place of business is near Bank of Hawaii Building in Puerto Rico.  The

7         time of visit cannot be recalled but it was a couple months after the incident. The purpose

8         of the visitation was to get treatment and consultation for the right index finger which

9         continued to cause pain and suffering.  The swelling continued.  The specific treatment

10        cannot be recalled.

11 2.    Pacific Medical Center.  The time of visit was probably a day after the incident.  The

12        purpose of the visit was for treatment on the multiple injuries suffered by the incident.

13        The specific treatment cannot be recalled.

14 3.    Saipan Health Clinic.  The time of visit cannot be recalled but it was probably a couple

15        months after the incident.  The purpose of the visitation was to get treatment and

16        consultation for the right index finger which continued to cause pain and suffering.  The

17        swelling continued.  The specific treatment cannot be recalled.

18

19        The medical records and billings should further indicate the address of these clinics and

20 practitioners.  Plaintiff will provide a medical authorization release form for the above medical

21 practitioners and clinic.

22

23 **INTERROGATORY NO. 18:**

24 As to each doctor, physician or healthcare provider identified in the preceding interrogatory,

25 state:

26        a) The date(s) on which Plaintiff saw such doctor, physician, or healthcare provider;

27        b) the reason for seeing such doctor, physician or healthcare provider; and

28

1  c) the treatment, if any, rendered by such doctor, physician or healthcare provider on each

2  date.

3  **SUPPLEMENTAL RESPONSE 18**:

4  Please refer to response to #17.

5

6  **INTERROGATORY NO. 19:**

7  State the name and address of all doctors, physicians and healthcare providers which

8  Plaintiff has seen for any reason for the period of time January 1, 2000 to the date of the

9  occurrence.

10

11  **SUPPLEMENTAL RESPONSE 19:**

12  Plaintiff cannot recall having to visit doctors or physicians between January 01, 2000 to

13  the date of the occurrence.  Plaintiff had not been involved to any personal injury between that

14  period requiring any medical attention or treatment.

15

16  **INTERROGATORY NO. 20:**

17  As to each doctor, physician or healthcare provider identified in the preceding

18  interrogatory, state:

19  a) The date(s) on which Plaintiff saw such doctor, physician or healthcare provider;

20  b) the reason for seeing such doctor, physician or healthcare provider on each occasion;

21  and

22  c) the treatment, if any, rendered by such doctor, physician or healthcare provider on each

23  date.

24

25  **SUPPLEMENTAL RESPONSE 20:**

26  Please refer to response to #17.

27

28  **INTERROGATORY NO. 21:**

1  State the total and itemize by provider, the amount of medical expenses incurred to date by
2  Plaintiff as a result of the occurrence.

3  **SUPPLEMENTAL RESPONSE NO. 21:**

4  Plaintiff does not know the total amount of medical expenses incurred to date but once
5  the total expenses is determined, they will be provided. Additionally, the medical records and
6  billings speak for themselves and they will be provided upon request.

7

8  **INTERROGATORY NO. 22:**

9  State the name and address of each hospital, clinic or other medical facility in which
10  Plaintiff has been examined or received treatment since the date of the occurrence, and the
11  date(s) of each examination or treatment at each identified hospital, clinic or medical facility.

12  **SUPPLEMENTAL RESPONSE 22:**

13  Please refer to response to #17.

14

15  **INTERROGATORY NO. 34:**

16  If you are claiming any loss of future earning capacity and/or diminished earning capacity,
17  state:

18  a) The factual basis for such claimed loss of future earning and/or diminished earning
19  capacity; and

20  b) the amount you claim for loss of future earning capacity and/or diminished earning
21  capacity.

22

23  **RESPONSE NO. 34:**

24  Plaintiff objects on the bases of vagueness and incomprehensibility.  Plaintiff has suffered
25  permanent injury to his finger.  This injury of course affects his physical condition.  The exact
26  amount of loss for future earning capacity is difficult to determine but if the exact number is
27  determined, it will be provided.

28  For every visit Plaintiff takes to health clinic or practitioners, he is taken away from his business

State the total and itemize by provider, the amount of medical expenses incurred to date by Plaintiff as a result of the occurrence.

**SUPPLEMENTAL RESPONSE NO. 21:**

Plaintiff does not know the total amount of medical expenses incurred to date but once the total expenses is determined, they will be provided. Additionally, the medical records and billings speak for themselves and they will be provided upon request.

**INTERROGATORY NO. 22:**

State the name and address of each hospital, clinic or other medical facility in which Plaintiff has been examined or received treatment since the date of the occurrence, and the date(s) of each examination or treatment at each identified hospital, clinic or medical facility.

**SUPPLEMENTAL RESPONSE 22:**

Please refer to response to #17.

**INTERROGATORY NO. 34:**

If you are claiming any loss of future earning capacity and/or diminished earning capacity, state:

a) The factual basis for such claimed loss of future earning and/or diminished earning capacity; and

b) the amount you claim for loss of future earning capacity and/or diminished earning capacity.

**RESPONSE NO. 34:**

Plaintiff objects on the bases of vagueness and incomprehensibility. Plaintiff has suffered permanent injury to his finger. This injury of course affects his physical condition. The exact amount of loss for future earning capacity is difficult to determine but if the exact number is determined, it will be provided.

For every visit Plaintiff takes to health clinic or practitioners, he is taken away from his business

time.  Additionally, the pain on his right index finger has been excruciating and often feels like it gets electric shock when the finger is used or suddenly touched and when this occurs, he is cannot attend to his business affairs.

During the first couple weeks from the incident, Plaintiff was almost completely absent from his business affairs because the pain and suffering were extreme.  As time went on, the other injuries such as the shoulders and shin slowly healed.  However, the right index finger continues to be swollen and pain exist.

**INTERROGATORY NO.  42:**

State the names and addresses of all persons known to Plaintiff or his attorneys who have information regarding how the occurrence happened and/or nature and extent of injuries.

**RESPONSE NO. 42:**

1.    The doctors and nurses who treated Plaintiff.

2.    Murayama Nobuhiro

3.    Shinji Yokote

4.    Ji, Wei Dong

5.    Keith Ada

6.    Hermino S. Cadag

7.    Zhang Yun

8.    Mika Isayama

9.    Mr. Linus Mizutani

10.   Mr. Dexter Macaranas