CARLSMITH BALL LLP
Carlsmith Building, Capitol Hill
P.O. Box 5241
Saipan, MP 96950-5241
Tel No. 670.322.3455

Attorneys for Defendant
Maeda Pacific Corporation

FILED
Clerk
District Court

MAY 22 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN MARIANA ISLANDS

| | |
|---|---|
| TOSHIHIRO TAKAHASHI, | CIVIL ACTION NO. CV 05-0026 |
| Plaintiff, | |
| vs. | ORDER |
| MAEDA PACIFIC CORPORATION, | |
| Defendant. | |

Now on this 19th day of May, 2006 comes now for hearing the various motions now pending before the Court. Plaintiff appears by Victorino DLG Torres, his attorney. Defendant appears by John D. Osborn and Steven Carrara of Carlsmith Ball LLP, its attorneys. There are no other appearances.

The Court being duly advised in the premises having reviewed the pending motions and heard argument and statements of counsel finds as follows:

1.  <u>Motion For Order To Show Cause Re: Deposition of Keith W. Ada</u>

Deponent Keith W. Ada is ordered to appear at the office of Carlsmith Ball LLP at 10:30 a.m., May 24, 2006 to answer such questions as may be asked of him regarding his relationship with Plaintiff and the pending litigation in CNMI Superior Court Civil Action No. 06-0038C. The deponent shall be entitled to have his counsel present.

1  In the event deponent refuses to answer questions asked of him, counsel for Defendant may bring such refusal to the Court's immediate attention without the necessity of filing another Motion For Order To Show Cause.

2. <u>Motion *In Limine* to Exclude Testimony of Dr. H. Christine Brown</u>

Plaintiff is directed to produce Dr. Brown on May 24, 2006 for purposes of being deposed by Defendant regarding her report rendered herein and her anticipated trial testimony as Plaintiff's designated medical expert.

3. <u>Motion *In Limine* to Exclude Reference to Insurance During Trial Proceedings</u>

The motion is granted conditioned on Defendant's acknowledgment that it was involved in the sidewalk construction work being done in the vicinity where Plaintiff alleges he sustained injury.

4. <u>Motion *In Limine* to Exclude Evidence of Medical Treatment, Medical Costs and Records in Japan and To exclude Evidence of Financial Loss</u>

The motion is granted. Plaintiff is precluded from introducing testimony and evidence of medical treatment, medical costs or medical records of treatment in Japan.[1]

Plaintiff is further precluded from introducing any testimony or evidence of any financial loss which Plaintiff claims he sustained as a result of the accident which is the subject of this lawsuit. Plaintiff at this time is not precluded from showing Plaintiff's expenditure of money for an "electromagnetic" treatment machine.

IT IS THEREFORE BY THE COURT CONSIDERED, ORDERED, ADJUDGED AND DECREED that the findings of the Court set forth above hereby are the orders of the Court.

IT IS SO ORDERED.

DATED: May __22__, 2006.

_____
ALEX R. MUNSON
Judge

---

[1] Both Parties disagree whether or not Dr. Brown, as an expert witness, is precluded from testifying to medical treatment that occurred in Japan to form the basis of her opinion.

1  APPROVED AS TO FORM:
2
3  CARLSMITH BALL LLP
4
5
6  JOHN D. OSBORN
   Attorneys for Defendant
7  Maeda Pacific Corporation
8
   TORRES BROTHERS, LLC
9
10
11
   VICTORINO DLG. TORRES
12 Attorneys for Plaintiff
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28