Victorino DLG. Torres, Esq.
TORRES BROTHERS, LLC.
Attorneys At Law
P.O. Box 501856
Bank of Guam Bldg., 3rd Floor
Saipan, MP 96950
Tel: 670-233-5504/06

James Livingstone
Attorney At Law
38 Old Wood Rd.
North Attleboro, MA 02760
Tel: 508-695-1615

F I L E D
Clerk
District Court

JUN - 5 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

UNITED STATES DISTRICT COURT FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| TOSHIHIRO TAKAHASHI,<br><br>Plaintiff,<br><br>vs.<br><br>MAEDA PACIFIC CORPORATION,<br><br>Defendant. | CIVIL ACTION NO. CV 05-0026<br><br>OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF *PRO HAC VICE* ADMISSION OF JAMES D. LIVINGSTONE |

Plaintiff, Toshihiro Takahashi, opposes Defendant Maeda Pacific Corporation's Motion for Reconsideration of *Pro Hac Vice* Admission of James D. Livingstone. The Court properly allowed the admission of Mr. Livingstone in this case and that order should stand.

On May 25, 2006, Mr. Livingstone submitted a request to be admitted to this case *pro hac vice* pursuant to Local Rule 83.5. The request for admission fully complied with the rule as it contained the required sworn statement from Mr. Livingstone and written notice of consent by Mr. Torres, who is co-counsel and is admitted to the Court. As a result, the Court properly admitted Mr. Livingstone.

The Defendant fails to specify which aspect of Local Rule 83.5 it claims Mr. Livingstone does not satisfy. Indeed, it is not clear that the Defendant even believes that Mr. Livingstone has not complied with the rule. Defendant merely states it has "concerns." The concerns seem to

center around the residency of Mr. Livingstone. Defendant seems to suggest that any indication of contact with the jurisdiction precludes his admission. This is not true. As one Court stated:

> The privilege of *pro hac vice* appearance in such cases is available to a lawyer whether he comes in to the district on the day of appearance or whether he resides in the state on a non-permanent basis, so long as local counsel, generally admitted to the District Court's Bar, is associated.

*In the Matter of Titus*, 49 B.R. 75, 78 (D.Wisc. 1985).

Mr. Livingstone resides in Massachusetts and has associated with local counsel, in compliance with the local rules. He has stated both under oath and his actions confirm both.

As for his residency, he has an address in Massachusetts where he has moved, where he is storing his personal belongings, where he has shipped his remaining personal belongings, and where he has applied for employment. Second Declaration of James D. Livingstone, June 5, 2006, ¶¶ 6, 14-15, 18. And he has turned down employment offers that would require him to live on Saipan. *Id.* ¶17. The Defendant points out that Mr. Livingstone has an apartment, telephone number, and automobile in the Commonwealth. This is true, but all are only temporary so that he has a place to stay and receive calls as well as get around during the trial in this case. *Id.* ¶ 19. None of these facts undermine his Massachusetts residency nor the inherent power of this Court to admit him to practice in this case. *In the Matter of Titus*, 49 B.R. at 78.

The Court properly used its authority to admit Mr. Livingstone *pro hac vice* for this case. Nothing that the Defendant states undermines this ruling. Its request for reconsideration should be rejected.

Date: June 5, 2006.

_____
James Livingstone
Counsel for Plaintiff

_____
Victorino DLG. Torres
Counsel for Plaintiff