CARLSMITH BALL LLP
Carlsmith Building, Capitol Hill
P.O. Box 5241
Saipan, MP 96950-5241
Tel No. 670.322.3455

Attorneys for Defendant
Maeda Pacific Corporation

F I L E D
Clerk
District Court

JUN - 7 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| TOSHIHIRO TAKAHASHI, | CIVIL ACTION NO. CV 05-0026 |
| Plaintiff, | OPPOSITION TO NOTICE OF ERRATA AND SUPPLEMENT TO PRETRIAL ORDER |
| vs. | |
| MAEDA PACIFIC CORPORATION, | |
| Defendant. | |

In a filing dated June 7, 2006, Plaintiff, through his attorneys, James Livingstone and Victorino Torres, filed an errata with respect to its description of damages contained in the Jointly Prepared Final Pretrial Order dated May 15, 2006. (Exhibit A to Plaintiff's Notice). Specifically, Plaintiff seeks to revise the amount of damages sought for bodily injury etc., from $300,000 to "At least $300,000." Additionally, Plaintiff seeks to reduce the amounts of damages sought for items 1 through 3 and eliminate its request for lost revenues in light of the court ruling excluding evidence and testimony concerning economic loss based upon Plaintiff's failure to comply with the Court's Discovery Order.

Defendant, Maeda Pacific Corporation, does not object to the reductions set forth for items 2 and 3, but objects to the unlimited increase proposed by Plaintiffs in item 1 on the eve of trial. Out of a fundamental sense of fairness, Plaintiff's request to increase the damages sought to

4833-9190-0161.1.058671-00001

1 an unlimited amount should be denied by the Court.

**SUPPLEMENT TO WITNESS LIST/DISPOSITION TO OUTSTANDING MOTIONS**

Other than the addition of the witness Hermino Cadaq,[1] any request to supplement Plaintiff's witness list to add the names of yet unknown witnesses should be denied. Plaintiff's counsel makes the following statement to the Court:

> The Defendant revealed on May 26, 2006 for the first time that additional individuals or companies were involved in the work site at issue in this case. Defendant never revealed the fact that these companies and individuals existed in its initial disclosure or subsequent discovery. As a result of the his belated disclosure, Plaintiff reserves the right to supplement the witness list."

To the extent that Plaintiff is now alleging for the first the time that it has become aware of the involvement of other possible companies and individuals involved in the work site, any delay in obtaining this information is the direct result of Plaintiff's failure to conduct timely discovery, notwithstanding Defendant's agreement to extend the discovery period.

This case has been pending for some time and the discovery cutoff expired well before the May 26th deposition disclosure of which Plaintiff now complains. Plaintiff made no attempt to take depositions until May 26, 2006, and waited until shortly before the scheduled trial to take depose any of the Defendant's witnesses. Given Plaintiff's delay in deposing Defendant's witnesses, it is incredulous that Plaintiff can now represent to the Court that his failure to take any depositions of the previously identified witnesses is somehow a sanctionable discovery violation of the defense.

Moreover, the Defendant has consistently denied that it had any

---

[1] At a meeting between the parties on June 7, 2006, to review the Exhibits, Plaintiff's counsel advised they wanted to add the name of Hermino Cadaq to the witness list. Defendant has no objection to Mr. Cadaq being added to Plaintiff's witness list.

1  responsibility concerning the pipes upon which Plaintiff alleges to have tripped.

2  In Paragraph 13 of the Complaint, Plaintiff alleged that Defendant placed two

3  metal pipes in one of the sidewalks, particularly in front of Remington's Club, the

4  southern part of Coral Tree Avenue." Complaint ¶ 13 Defendant specifically

5  denied the allegation contained in Paragraph 13 of the Complaint. Defendant's

6  Answer ¶ 14. Plaintiff made no further inquiry to this denial. In light of

7  

8  Defendant's denial, it is inexplicable how Plaintiff can make its current

9  representation to the Court which is clearly on its face unsupported and

10 unfounded. Defendant does not take lightly Plaintiff's allegation of the

11 sanctionable discovery action and does not believe that such allegations should be

12 made as cavalierly as has been done.

13

14

15                                              CARLSMITH BALL LLP

16

17 DATED: Saipan, MP, June 7, 2006.          _____
                                              JOHN D. OSBORN
18                                            Attorneys for Defendant
                                              Maeda Pacific Corporation