CARLSMITH BALL LLP
Carlsmith Building, Capitol Hill
P.O. Box 5241
Saipan, MP 96950-5241
Tel No. 670.322.3455

Attorneys for Defendant
Maeda Pacific Corporation

F I L E D
Clerk
District Court

JUN - 8 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| TOSHIHIRO TAKAHASHI, | CIVIL ACTION NO. CV 05-0026 |
| Plaintiff, | DEFENDANT'S OPPOSITION TO MOTION IN LIMINE TO EXCLUDE MEDICAL RECORDS AND RECORD OF PENDING LAWSUIT; EXHIBIT A |
| vs. | |
| MAEDA PACIFIC CORPORATION, | |
| Defendant. | |

In a filing dated June 7, 2006, Plaintiff, through his attorneys, James Livingstone and Victorino Torres, filed a *Motion in Limine* to exclude Plaintiff's use of a well known, nationally advertised prescription medicine and certain litigation between Plaintiff and one of his witnesses pending before the Commonwealth Superior Court. Plaintiff makes a further motion to exclude any references to medical malpractice claims filed against its expert witness. Defendant objects to the first two motions on the following grounds and requests that the Court deny the motions with respect to prescription medication usage and pending litigation in their entirty. Defendant stipulates to the exclusion of the litigation concerning Dr. Brown as stated herein.

**USE OF PRESCRIBED MEDICATIONS.**

Plaintiff seeks to exclude reference to Plaintiff's Viagra prescriptions based on Fed.R.Evid 402 and argues that its probative value does not outweigh the prejudice to Plaintiff.

4817-8443-3153.1.058671-00001

Other than arguing that the use of this evidence may be potentially embarrassing, Plaintiff makes no allegation or showing that such testimony is somehow prejudicial to the Plaintiff. On the other hand, however, Plaintiff's use of the prescribed medication, associated costs, and related doctor visits are directly relevant to the defense and are necessary so that it may probe the true nature of Plaintiff's medical condition and request for damages.

In choosing to file this lawsuit and seek medical damages, Plaintiff has made issue of his medical condition to which Defendant has right to examine. Further, Plaintiff has taken every opportunity in its pleading and arguments to the Court, to raise the serious nature of Plaintiff's alleged injuries and need for continued treatment and seeks monetary damages for same.

The fact that the Plaintiff has sought elective medical treatment, from the same office that treated the instant injury, without any discussion or mention to his now alleged injuries is certainly probative and relevant with respect to the jury's assessment of the credibility of Plaintiff's testimony and the nature of the alleged injury and continuing effects. The fact that Plaintiff repeatedly elected to not seek medical treatment for the alleged injuries during these visits are equally important as the medical treatment he sought in assessing the true nature of the alleged injuries and claim for damages.

Further, the fact that Plaintiff continued to seek expensive elective prescriptions from the treating clinic is relevant to the import Plaintiff gave the alleged injuries and also relevant with respect to the jury's assessment of Plaintiff's expert's opinion. Plaintiff's expert, and examining physician Dr. Ada, both recommended that Plaintiff seek consultation of a neurologist to determine the extent of Plaintiff's alleged nerve damage. The fact that Plaintiff failed to heed to this advise while proceeding with his elective expensive medications, is relevant and probative with respect to assessing the nature and credibility of Plaintiff's claim and testimony.

**PENDING SUPERIOR COURT LITIGATION**

Plaintiff seeks an Order in Limine with respect to "certain unrelated

litigation involving Plaintiff" and Mr. Keith Ada, who has been identified as a potential witness for the Plaintiff. Again, Plaintiff argues that the only use of this information is to embarrass the Plaintiff.

The Court has previously considered a related issue concerning the scope of Keith Ada's deposition testimony and ordered Mr. Ada to respond to questions posed by the defense concerning the pending litigation. In that lawsuit Plaintiff had made several counterclaims against Mr. Ada, including a charge for conversion of equipment and material, failure to pay for food and beverages and damages to his vehicle. (A copy of the Answer and Counter Claim is attached as Exhibit A). Despite these allegations concerning credibility, Plaintiff now wishes to exclude that information but has failed to make an effective argument as to the basis for exclusion.

Fed.R.Evid. 607 provides that the credibility of a witness may be attacked by any party, including a party calling the witness. Fed.R.Evid. 608, further provides that a witnesses' credibility may be attacked or supported by (a) opinion and reputation testimony and (b) specific instances of conduct.

As the underlying nature of the instant lawsuit concerns the issue of witness credibility, the defense must be allowed to challenge the credibility of Plaintiff and his witnesses. In this regard, the nature and existence of the pending litigation is both probative and relevant with respect to the expected testimony of both Plaintiff and Keith Ada and their respective credibility.

If either doubts the credibility of each other, then the jury entitled to know that each questions the other's credibility so that the jury can make its own evaluation of the testimony and credibility. Allowing the Plaintiff to "cherry pick" the information that may be presented to jury would in effect deny the defense the opportunity to challenge the credibility of Plaintiff and his anticipated witnesses.

**DR. BROWN LITIGATION**

At this time the defense will stipulate to the exclusion of the referenced medical malpractice litigation filed against Dr. Brown. The defense, however, reserves the right to raise such matters during the hearing scheduled for June 9, 2006, concerning the Defendant's pending *Motion in Limine* to exclude Dr. Brown's testimony and to rebut any potential trial testimony of Dr. Brown should she testify that no malpractice claims have been filed against her.

CARLSMITH BALL LLP

DATED: Saipan, MP, June 8, 2006.

_____
JOHN D. OSBORN
STEVEN CARRARA
Attorneys for Defendant
Maeda Pacific Corporation

Linn H. Asper, No. F0224
Attorney at Law
P.O. Box 5061, C.H.R.B.
Saipan, MP 96950

Attorney for Defendants

IN THE SUPERIOR COURT OF THE

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| KEITH W. ADA dba ADA'S CONSULTING SERVICES,<br><br>    Plaintiff,<br><br>vs.<br><br>MARIANAS SUNRISE ENT., INC. dba NEO REMINGTON, and TOSHIHIRO TAKAHASHI, Personally and as Officer of Marianas Sunrise Ent., Inc,<br><br>    Defendants. | CIVIL ACTION NO. 06-0038C<br><br>ANSWER AND COUNTERCLAIM |

**ANSWER**

Defendants Marianas Sunrise Ent., Inc. and Toshihiro Takahashi hereby appear by and through counsel, Linn H. Asper, Attorney at Law, to answer the complaint of Plaintiff Keith W. Ada dba Ada's Consulting Services as follows:



1. In answering paragraph number one of Plaintiff's complaint, Defendants admit this Court has jurisdiction over this matter.
2. In answering paragraph number two of the complaint, Defendants admit each and every allegation contained therein.
3. In answering paragraph number three of the complaint, Defendants admit each and every allegation contained therein.
4. In answering paragraph number four of the complaint, Defendants admit each and every allegation contained therein.
5. In answering paragraph number five of the complaint, Defendants incorporate paragraphs 1 through 4 above as if fully stated herein.
6. In answering paragraph six of the complaint, Defendants admit that from the year 2004 until the present Defendants have been involved in the construction of a Japanese temple at Banzai Cliff, Saipan, and that during a portion of that time Plaintiff provided consultation services for the project. Defendants deny that the project has been completed; that Plaintiff oversaw the project to completion; and that the parties had an agreement for Plaintiff to receive compensation in the amount of

$10,000. Defendants deny each and every other allegation of paragraph six for the reason that all sums due and owing to Plaintiff for any and all consulting services performed for Defendants by Plaintiff have been paid in full.

7. In answering paragraph seven of the complaint, Defendants admit that Plaintiff allowed the Japanese temple construction contractor, Chargualaf and Associates, to use his 1992 truck during the construction of the temple with the knowledge of Defendants. Defendants admit that they promised to pay for the necessary costs of repair and maintenance of Plaintiff's truck in connection with its use on the temple construction project. Defendants deny that Plaintiff has incurred any costs for repairs and maintenance of the truck in connection with the use of the truck in the temple construction project, in that Defendants paid for all necessary repairs and maintenance for the truck in connection with the use of the truck on the temple project. Defendants deny each and every remaining allegation of paragraph seven.

8. Defendants deny each and every allegation of paragraph eight of the complaint, for the reason that Defendants have paid in full for all repairs and

maintenance expenses for Plaintiff's truck that were related to the use of the truck on the temple construction project.

9. In answering paragraph nine of the complaint, Defendants admit that Plaintiff assisted them in a pending action initiated by Atom Action, but deny each and every remaining allegation of paragraph nine for the reason that Plaintiff's services for the Atom Action matter were paid in full under an agreement between the parties providing for compensation to Plaintiff in the amount of $1,400.00 each month during the months in question.

10. In answering paragraph ten of the complaint, Defendants admit that Plaintiff assisted them in a pending Labor action involving Eden Quizon, but deny each and every remaining allegation of paragraph ten for the reason that Plaintiff's services for the Eden Quizon matter were paid in full under an agreement between the parties providing for compensation to Plaintiff in the amount of $1,400.00 each month during the months in question.

11. In answering paragraph eleven of the complaint, Defendants admit that Plaintiff assisted them in promoting and attracting customers to the Neo Remington Club in September 2005, but deny each and

every remaining allegation of paragraph eleven for the reason that Plaintiff's services for the Neo Remington matter were paid in full under an agreement between the parties providing for compensation to Plaintiff in the amount of $1,400.00 each month during the month in question.

12. Defendants deny, on information and belief, each and every allegation of paragraph twelve of the complaint.

13. Defendants deny, on information and belief, each and every allegation of paragraph thirteen of the complaint.

14. Defendants deny, on information and belief, each and every allegation of paragraph fourteen of the complaint.

15. In answering paragraph fifteen of the complaint, Defendants admit that Plaintiff made written demands for payment and that Defendants did not formally respond to those demands for the reason that Plaintiff's demands were completely unjustified.

16. In answering paragraph sixteen of the complaint, Defendants incorporate paragraphs 1 through 15 above as if fully stated herein.

17. In answering paragraph seventeen of the complaint, Defendants admit the allegations contained therein.

18. In answering paragraph eighteen of the complaint, Defendants admit that Plaintiff performed services for Defendants as an independent contractor. Defendants deny each and every remaining allegation of paragraph eighteen for the reason that at the time of publication of the Public Announcement, Defendants had received information that Plaintiff was representing himself as an agent or employee of Defendants who was authorized to remove Defendants' equipment and materials from the temple construction site, and who was authorized to provide employment at Defendants' Neo Remington Club to foreign nationals; which information caused Defendants to publish the said Public Announcement as a means of protection from further misrepresentations by the Plaintiff.

19. Defendants deny, on information and belief, each and every allegation of paragraph nineteen of the complaint.

20. Defendants deny, on information and belief, each and every allegation of paragraph twenty of the complaint.

21. Defendants deny, on information and belief, each and every allegation of paragraph twenty-one of the complaint.

## AFFIRMATIVE DEFENSES

22. As a first affirmative defense to Plaintiff's cause of action, Plaintiff has failed to state a claim upon which relief can be granted

23. As a second affirmative defense to Plaintiff's cause of action Plaintiff's complaint is barred by waiver and estoppel.

24. As a third affirmative defense to Plaintiff's cause of action Plaintiff's complaint is barred by laches.

25. As a fourth affirmative defense to Plaintiff's cause of action Plaintiff has not suffered any damages as a result of Defendants' actions.

26. As a fifth affirmative defense to Plaintiff's cause of action Plaintiff has unclean hands.

27. As a sixth affirmative defense to Plaintiff's cause of action the parties have entered into an Accord and satisfaction.

28. As a seventh affirmative defense to Plaintiff's cause of action Plaintiff has failed to provide consideration as to any and all agreements upon which he relies.

29. As an eighth affirmative defense to Plaintiff's cause of action, Plaintiff has committed Fraud against Defendants.

30. As a ninth affirmative defense to Plaintiff's cause of action, Plaintiff has failed to mitigate his damages.

31. As a tenth affirmative defense to Plaintiff's cause of action Plaintiff has received Payment in Full as to all of his claims.

32. As an eleventh affirmative defense to Plaintiff's cause of action, any agreements relied upon by Plaintiff fail to comply with the Statute of Frauds.

33. As a twelfth Affirmative Defense, the Plaintiff has failed to join indispensable parties.

34. As a thirteenth affirmative defense to Plaintiff's cause of action Defendants raise and plead any other matter constituting avoidance or an affirmative defense.

WHEREFORE Defendants pray that Plaintiff take nothing by his complaint and that Defendants be awarded their reasonable attorney fees and Costs of suit.

## COUNTERCLAIM

1. Defendants hereby incorporate the averments of paragraphs 1 through 34 of their Answer as if fully stated herein.

2. On or about September 30, 2005, Plaintiff appeared at the Banzai Cliff Japanese temple construction site and removed construction equipment and materials belonging to Defendants, valued at $23,824.01. Plaintiff had no authority, or any reasonable belief that he had such authority, to remove the said equipment and materials.

3. Plaintiff's actions in appropriating temple construction equipment and supplies constitute an unlawful Conversion of Defendants' property.

4. The loss of construction equipment and materials resulting from the actions of Plaintiff has rendered Defendants unable to timely complete the temple project.

5. During the time that Plaintiff provided consulting services to Defendants, he was permitted to charge alcoholic beverages and food at the Neo Remington Club, but was required to pay for the beverages and food at a later date.

6. Defendant charged a total of $2,463.50 at Defendants' Neo Remington Club, but he has failed and neglected to pay for those charges.

7. During the time period that Plaintiff allowed his truck to be used at the temple construction site, Defendants provided Plaintiff with a substitute vehicle for his use and benefit at no cost to Plaintiff. While it was in his possession, Plaintiff damaged Defendants' vehicle in the amount of $500.00, or a greater amount to be proved at trial. Plaintiff has failed and neglected to repay Defendants for damages to the loaned vehicle.

WHEREFORE, Defendants request judgment against the Plaintiff:

1. For damages for the conversion of Defendants' equipment and materials in the amount of $23,824.01.

2. For consequential damages for the delay in completion of construction of the Japanese temple project in an amount to be proved at trial;

3. For the cost of food and beverages charged by Plaintiff at the Neo Remington Club in the amount of $2,463.50;

4. For damages to Defendants' vehicle in the amount of $500.00 or a greater amount to be proved at trial;

5. For reasonable attorney fees and Costs of suit; and

6. For such other and further relief as the Court may deem proper.

DATED this 23rd day of February 2006.

_____
LINN H. ASPER
Attorney for Defendants